## FRANCIS v. NORRIS.

### October 28, 1837.

*Rule to show cause why a sheriff's sale should not be set aside.*

The 63d section of the act of 16th June, 1836, relating to executions, providing that the sheriff's advertisement, in the newspapers, of his sale of defendant's real estate, shall be "once a week during three successive weeks," requires, that between the date of the first advertisement and that of the sale, three whole weeks shall elapse.

THIS was a motion to set aside a sheriff's sale, on the ground that the sheriff had not given sufficient notice of the time and place of sale, under the 63d section of the act of 16th of June, 1836, relating to executions, (*Stroud's Purd. tit. Executions,*) by advertisement in the newspapers, "*once a week during three successive weeks previous to such sale.*"  The defendant obtained this rule to show cause.

The sheriff had advertised the intended sale in the newspapers, 1st, on Wednesday, 13th Sept. 1837; 2d, Wednesday, the 20th Sept. 1837 ; and 3d, Wednesday, the 27th September, 1837.  The sale was fixed for Monday, the 2d October, 1837.  Thus the sale was advertised in every week of the three weeks of the calendar, computing from the first day of the week, before the sale, but *three weeks* had not elapsed between the first day of advertisement and the day of sale.

[Francis v. Norris.]

*D. P. Brown,* for the rule.

*Tyson,* contra.

Per Curiam.—The act by its language, " during three successive weeks," meant to require the advertisements to occupy from the first to the last, between the date of their first, and the date of the sale, three whole weeks. Here but nineteen days' advertisement of the time and place of sale occurred. The advertisement " once a week," has relation to the full expiration of the whole week, from the date of the first advertisement, and so as to the remaining three weeks; whereas, the error here is in computing backward, from the first day of the week according to the calendar. This gives but two weeks and five days' notice in this case, in point of time, not looking to the duration of a week, from any given day, in ordinary parlance, to which the legislature evidently referred. And this construction of the intention of the legislature, is borne out by the fact, that in many, if not most of the counties, except that of Philadelphia, weekly papers are only published, and that short notices of the sale of a defendant's real estate, are likely to do injustice, as well to his creditors as to himself.

Rule absolute.