## OLCOTT *vs.* ROBINSON.

The statute is imperative in requiring the time and place of holding any sale of real estate on execution to be publicly advertised six weeks *previously*, in two ways; first by posting the notice in three public places in the town, and second, by printing the same once in each week, in a newspaper of the county. Both methods must commence six weeks *previous* to the day of sale. A less time, in respect to either branch, is insufficient, and renders the sale invalid.

Where a notice of sale was posted forty-three days previous to the day of sale, making six full weeks, but the notice published in the newspapers, although it received six separate insertions, once in each week for six successive weeks, was first published only thirty-nine days *previous* to the day of sale; *it was held* that the publication was insufficient; and that the sheriff's deed, executed upon the sale, gave no title to the purchaser.

*Held also*, that the circulation of the notice of sale in slips headed " Plattsburgh Republican, Extra," would not aid the purchaser; that not being such a printing in a newspaper as was contemplated by the statute.

THIS was an action in the nature of ejectment to recover the possession of the north half of Valcour Island, situate in Lake Champlain, in the county of Clinton. The cause was tried in July, 1854, and a verdict taken for the plaintiffs, subject to the opinion of the court at general term.

The plaintiff claimed title by virtue of a deed received from the sheriff of Clinton county, on a sale of the premises under an execution issued upon a judgment rendered against Peter Comstock, docketed May 9, 1840. The defendant claimed through the same source, by virtue of a sale upon a junior judgment. The plaintiff's title was contested, solely, on the ground that the requirements of the statute, relative to sales of real estate under execution, had not been fully complied with. The proof showed that the notices of sale were properly posted on Tuesday, the 26th day of March, 1850, for Wednesday, May 8th, 1850, but that no copy of said notice was published in a newspaper until Saturday, March 30, which was continued regularly for the next five succeeding Saturdays, ending May 4. Also that a few slips, containing a copy of the notice of sale, headed " Plattsburgh Republican, Extra," were printed and circulated, on the 26th day of March and on the 8th of May.

Olcott v. Robinson.

*G. Stow,* for the plaintiff.

*Wm. Sweatland,* for the defendant.

*By the Court,* JAMES, J. The validity of the judgment under which the plaintiff makes title to the premises in question, the regularity of the execution issued thereon, and all proceedings under it, except the publication of the notice of sale, are not disputed; so that the only question presented for consideration is, whether in the publication of the notice of sale under the execution, the requirements of the statute have been sufficiently complied with to vest in the plaintiff title to the premises in dispute. The statute is in substance as follows: " The time and place of holding any sale of real estate pursuant to any execution, shall be publicly advertised, *previously,* for six weeks successively, as follows: First. A written or printed notice thereof shall be fastened up in three public places in the town, &c. Second. A copy of such notice shall be printed once in each week in a newspaper of such county, &c. (2 *R. S.* 368, § 34.) In the present case notice was posted, &c. forty-three days *previous* to the day of sale, making six full weeks; but the notice published in the newspaper, although it received six separate insertions, once in each week for six successive weeks, was first published only thirty-nine days *previous* to the day of sale. This publication the defendant insists is insufficient, and a defect, fatal to the validity of the deed taken under it; while the plaintiff insists that all the requirements of the statute were fully and literally complied with, and the title acquired by virtue of such sale complete in the purchaser.

I am however compelled to differ with the plaintiff in his view of the case. The statute is imperative. It requires the time and place of holding any sale of real estate on execution to be publicly advertised six weeks *previously,* in two ways; both should commence six weeks *previous* to the day of sale; a less time is expressly prohibited, and the prohibition is as much applicable to one branch of advertising as the other. If both are not complied with, the sale must of necessity be invalid. It is

Olcott *v.* Robinson.

an old maxim of the law, that "every statute authority to divest the title of one without his consent and transfer it to another, must be strictly pursued, or the title will not pass." That not having been done in this case, the sheriff's deed gave no title to the plaintiff in the premises in dispute.

It is insisted that such a construction will make seven insertions of the notice in the newspaper necessary to the validity of a sale under execution, by reason of the rule of computation which excludes the first day. But that would not necessarily follow. The first publication is the beginning of the act, and although the day on which the act was done might be excluded in the computation of the time, if the notice is published six times, once in each week, reckoning the first publication as one, that would be sufficient, without a seventh publication on the day of sale. This construction harmonizes all the provisions of section 34 ; the property is advertised *previous* to the sale, by both posting and publication, six full weeks ; and also by a publication once in each of the six weeks ; thus fulfilling both the letter and spirit of the statute.

If however, from the language of the statute, a seventh publication were necessary to give validity to a sheriff's sale, the statute must be obeyed without regard to its effect upon particular cases.

The circulation of the notice of sale in the slips headed "Plattsburgh Republican, Extra," will not aid the plaintiff. It was not such a printing in a newspaper as was contemplated by the statute.

There must be judgment for the defendant.

[Essex General Term, July 2, 1855. *C. L. Allen, Bockes* and *James,* Justices.]