# SUPREME COURT.

THE PEOPLE *ex rel.* PETER P. DEMAREST and THOMAS J. COLEMAN agt. MORGAN GRAY.

An *insolvent debtor's discharge* obtained under the statute, will be set aside as irregular and unauthorized, for want of jurisdiction where it appears:

1. That the *notice* of the order for creditors to show cause, has been published in the state paper for a period *less than ten weeks*.

2. Where the *notice of the order* to be served upon the creditors, is not signed by the insolvent or by any other person; and especially, where the *name of the officer* before whom cause is to be shown is incorrectly stated.

The proof of such advertisement and service of such notice should be affirmatively shown and appear on the face of the proceedings, to give the officer jurisdiction, and cannot be inferred or presumed.

*Kings General Term, June,* 1860.

MOTION to set aside insolvent debtor's discharge, for irregularity, &c.

By the court—LOTT, Justice. It appears that an order was made by the Hon. SAMUEL D. MORRIS, late county judge of Kings county, requiring the creditors of Morgan Gray, an insolvent debtor, to show cause before him on the 25th day of April, 1859, at his chambers in the city of Brooklyn, why an assignment of the said insolvent's estate should not be made, and he be discharged from his debts, pursuant to the provisions of the statute for the discharge of an insolvent from his debts. Notice of the order was directed by him to be published for ten weeks in the state paper and two other designated papers, and to be served

on each of the creditors, in person or by mail, as particularly stated in the order. Assuming that the publication of the notice in the Albany Evening Journal was legal, it is shown by the proof of the publication that it was first published therein on the sixteenth day of February, 1859, and although the publication appears to have been made in each of ten successive weeks thereafter, yet the time between the first publication and the day appointed to show cause was only sixty-eight days, being consequently less than ten weeks. This notice was therefore not published for the period required by the order. Such a publication was expressly declared in a proceeding of the same kind to be insufficient—in *Anonymous* (1, *Wendell* 90.) The same rule was applied in reference to a notice of sheriff's sales of real estate, under an execution in *Olcott* agt. *Robinson*, (20 *Barb. S. P. Rep.*, 148,) and it has been recognized in daily practice in relation to the publication of a summons requiring defendants to appear in suits and notices of various kinds, required to be published in judicial proceedings.

Another objection taken to the proceeding is equally fatal. There was no notice of the order served upon the creditors or any of them. It is true that a paper purporting to be a notice of an order made by the Honorable JOSIAH SUTHERLAND, a justice of the supreme court, requiring the creditors to show cause &c., at his chambers in Brooklyn, on the day designated in the order of judge MORRIS, was served a sufficent time previous to that day, but even that does not appear to have been signed by the insolvent, or by any person whoever. Such a notice was not a compliance with the statute, nor with the order directing its service. It is insisted, however, that this defect was a mere irregularity, and that advantage should have been taken of it on the return day. There might be some color for that position if the only defect had been the omission to sign the notice, provided the name of

the officer before whom cause was to be shown had been correctly stated; but it has no force, from the fact that the person named as the judge therein was not the officer before whom the proceeding was pending, and had no authority in the matter.

It is also insisted that, as satisfactory proof of the due publication and service of the notice was required to be given to the officer before any other proceedings were had by him, the fact that a discharge was granted is evidence that such proof was furnished, and the matter must be considered *res adjudicata.*

It is sufficient answer to this to say, that it is the object of the present proceeding to renew that adjudication. The ten weeks' advertisement, and the service of the notice on the creditors, were necessary to give the officer jurisdiction to grant the discharge. Till this was done he had no authority to proceed and adjudicate on the rights of the parties to be affected by the proceedings. This principle was decided in the matter of *Underwood,* an insolvent debtor, (3 *Com.,* 59 ; *Van Slyke* agt. *Sheldon,* 9 *Barb. S. C. Rep.,* 278 ; *and in Stanton and others* agt. *Ellis,* 16 *Id.,* 319.)

The proof of such advertisement and service should be affirmatively shown and appear on the face of the proceedings, and cannot be inferered or presumed.

This question was fully considered in the last case cited, and it is only necessary to refer to it as a conclusive authority to show that the discharge in question was unauthorized and void.

Judgment must therefore be entered setting the discharge and other proceedings aside, with costs.