BELL, (YOUNG v.)  See Case No. 18,152.

BELL, The HORACE E.  See Case No. 6,702.

BELL, The MARY.  See Case No. 9,199.

BELLA DONNA, The, (PORTEVANT v.)  See Case No. 11,292.

## Case No. 1,265.

### Ex parte BELLAMY.

[The case reported under above title in 15 Pittsb. Leg. J. 1, is the same as Case No. 1,267.]

## Case No. 1,266.

### In re BELLAMY.

[1 Ben. 390;[1] Bankr. Reg. Supp. 14; 1 N. B. R. 64; 1 Am. Law T. Rep. Bankr. 22; 6 Int. Rev. Rec. 86; 15 Pittsb. Leg. J. 1.]

District Court, S. D. New York.  Sept. 9, 1867.

BANKRUPTCY PRACTICE — POWER OF REGISTER — ACCOUNT — PETITION — FORM NO. 51 — TIME OF PUBLICATION—ORDERS FOR EXAMINATION.

1. Under § 4 of the bankruptcy act [March 2, 1867; 14 Stat. 519] and rule 5 of the general orders in bankruptcy, a register in bankruptcy has power to make an order requiring an assignee in bankruptcy to file the account required by § 28 of the act. If no assets have come to the hands of the assignee, form No. 35 is such account; but if assets have come to his hands, forms Nos. 37 and 38 constitute it.
[Cited in Re Bodenheim, Case No. 1,594.]

2. It is not necessary for the bankrupt, on presenting the petition, form No. 51, to produce the assignee's return, form No. 35, or any evidence other than the statement in the petition that no debts have been proved, or that no assets have come to the assignee's hands.

3. Publication "once a week for three successive weeks," means publication once in every seven days for three successive periods of seven days, so that the interval between any two of the publications shall not be less than seven days, and the interval between the last publica-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

tion and any proceeding dependent upon the publication shall not be less than seven days.

4. A register has power to make the order to show cause (form No. 51) there being no opposition, if, under § 4 of the act, he is directed to make it by the judge; and the order referring the case to him may be considered as giving such direction.

[Cited in Re Solis, Case No. 13,165.]

5. Orders for the examination of bankrupts, or their wives or other witnesses, are summonses under § 26; and, under rule 2 of the general orders, blanks of form No. 45 not filled up, but signed by the clerk and bearing the seal of the court may be given by the clerk to the registers.

[In bankruptcy. Certificate by Isaiah T. Williams, register in bankruptcy, for a decision on questions arising on the petition of John Bellamy, a bankrupt. Decision certified to register.

[For subsequent proceedings in this matter, see Cases Nos. 1,267 and 1,268.]

BLATCHFORD, District Judge. In this case the register certifies four questions for decision by the court. An assignee was duly elected by the creditors of the bankrupt at the first meeting of the creditors, and appeared in person before the register. The bankrupt applied to the register by petition, duly verified, and drawn strictly in compliance with form No. 51, for the order to show cause in form No. 51. The petition sets forth that the bankrupt has no property, real or personal, of any kind, and that none has come to the hands of the assignee, and that more than sixty days have elapsed since the adjudication of bankruptcy. The notice required by the act of the appointment of the assignee was published on the 16th, 19th, and 26th of August, 1867, but no return has been made by the assignee as prescribed by form No. 35. On the foregoing facts the four questions are presented.

1. Can the register (assuming that no assets have come to the hands of the assignee), by a common order, require him to make the return under oath prescribed in form No. 35? As to this question, the register says, that it would be no violent presumption to suppose the case of an elected assignee who should be unfriendly to the bankrupt, having found no assets, and refusing to go before the register and make the oath contemplated in form No. 35; that in that case the court must be applied to, in case the register has no power to compel the assignee by order; that in case there be no opposing party, it would not seem to be necessary to trouble the court by applying to it for such an order; and that in all such cases of obvious duty, the register may be presumed to act by direction of the court, as the court.

I am of opinion that the register, under the power given to him by section four of the act, [14 Stat. 519,] and by rule 5 of the "General Orders in Bankruptcy," to audit and pass the accounts of assignees, has power to make an order requiring the assignee to submit to the court, and file, the account required by section twenty-eight of the act. In a case where no assets have come to the hands of the assignee, form No. 35 is such account. In a case where assets have come to the hands of the assignee, forms Nos. 37 and 38 constitute such account.

2. Is a return according to form No. 35 necessary before the granting of the order to show cause, provided for in section twenty-nine of the act, form No. 51, that is, the order to show cause why a discharge should not be granted to the bankrupt? As to this question, the register says that the form clearly contemplates the practice of basing the sixty days' discharge upon evidence derived from the assignee and not from the bankrupt; that such evidence from the assignee would seem to be the highest evidence of the fact; and that, indeed, it is a fact of which the bankrupt may, in some cases, be ignorant.

I think that form No. 51 does not contemplate the practice of basing such order to show cause upon evidence derived from the assignee and not from the bankrupt. The twenty-ninth section of the act provides that, "at any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of sixty days and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for a discharge from his debts." Form No. 51 embraces the petition of the bankrupt for his discharge, and the order to show cause thereon. The petition is one to be made and signed by the bankrupt, and the form contains at its foot this memorandum: "If this petition is filed within less than six months after the filing of the original petition, it should state that no debts have been proved against the bankrupt, or that no assets have come to the hands of the assignee." It is sufficient, therefore, when the discharge is applied for after the expiration of sixty days from the adjudication of bankruptcy, and before the expiration of six months from such adjudication, for the bankrupt to state in his petition, form No. 51, that no debts have been proved against him, or that no assets have come to the hands of his assignee. It is not necessary, on presenting such petition, to produce the assignee's return, form No. 35, nor any certificate from the assignee that no assets have come to his hands, nor any evidence other than the mere statement in such petition that no debts have been proved against the bankrupt, or that no assets have come to the hands of his assignee. The return, form No. 35, is a return to be made under section twenty-eight, preparatory to a final dividend and to an application by the assignee for his discharge, and is to be made after the third meeting of creditors. Of course, on the return of the order to show cause, made on the bankrupt's application

for his discharge, if such application is made after the expiration of sixty days from the adjudication of bankruptcy and before the expiration of six months from such adjudication, the court will not grant the discharge without satisfactory evidence that no debts have been proved against the bankrupt, or that no assets have come to the hands of the assignee. The highest evidence as to debts is, by section twenty-two of the act, required to be in the hands of the assignee, and the highest evidence as to assets must necessarily be in his hands. The evidence must, therefore, come from the assignee. But a return according to form No. 35 is not necessary, before the granting of the order to show cause provided for in section twenty-nine of the act, form No. 51, that is, the order to show cause why a discharge should not be granted to the bankrupt.

3. Has the notice of the appointment of the assignee been published in the present case, as required by the act, and, if it has not, is such error fatal to the application for the discharge? The notice was published on the 16th, 19th, and 26th of August, 1867. As to this question, the register says, that the fourteenth section of the act provides that the publication "shall be" once a week for three successive weeks; that the notice in this case was published the first time on Friday of one week, the second time on Monday of the next week, and the third time on Monday of the week after; that this is no doubt one publication in each week of three successive weeks, although a week or seven days did not elapse between the first and second publications; that the letter of the statute does not require that such an interval should elapse, yet it could not be pretended that a publication on a Saturday and another on the succeeding Monday was a publication "once a week for two successive weeks;" that the cases of People v. Gray, 10 Abb. Pr. 468, and Bunce v. Reed, 16 Barb. 350, seem to settle the question, as only ten days intervened between the first and the last publications in the present case; that he thinks it clear, therefore, that the publication was insufficient; and that, if so, a new order of publication must be made.

The fourteenth section of the act requires that "the assignee shall immediately give notice of his appointment by publication, at least once a week for three successive weeks, in such newspapers. as shall for that purpose be designated by the court, due regard being had to their general circulation in the district, or in that portion of the district in which the bankrupt and his creditors shall reside." Rule 10 of this court provides, that "notice of the appointment of an assignee shall be given by publication once a week for three successive weeks, in two of the newspapers named in rule 21, at least one of which shall be a newspaper published in the city and county of New York, such newspapers to be selected by the register, with

due regard to the requirements of section fourteen of the act." A requirement that a notice shall be published once a week for three successive weeks, is a requirement that it shall be published once in every seven days, for three successive periods of seven days each; that the interval between any two of the publications shall not be less than seven days; that the interval between the last publication and any proceeding dependent on the publication shall not be less than seven days; and that the publications shall be three in number, and no more and no less. In the present case, the notice of the appointment of the assignee was not published as required by the act and by rule 10 of this court; and my opinion is that, under section thirty-two of the act, no discharge can be granted in this case until such notice is duly published.

4. Shall the order to show cause, form No. 51, there being no opposition, be made by the register? As to this question, the register says, that the act provides, section twenty-nine, that "the court" shall make the order; that it seems to be nothing more than an order of course, involving no discretion, nothing but mere obedience; that section four of the act, after prescribing what a register may do in all cases, goes on to prescribe what, in addition to that, he may do in noncontested cases, that the language is, "sit in chambers and dispatch there such part of the administrative business of the court, and such uncontested matters as shall be defined in general rules and orders, or as the district judge shall in any particular matter direct;" that all the duties of the register may be regarded as being done while he is sitting in chambers; that the language of the act is not confined to a particular case, but extends to a "particular matter" or subject; that it would seem, therefore, that it is somewhat in the discretion of the court to do these acts in person or by its registers; that it is more convenient that this order to show cause be made by the register to whom the case is referred; and that it is true that the word "court" is used in the act, but that if the words "court" and "judge" in all uncontested cases, where there is no opposition or adverse appearance, be not construed to mean "register," whenever the court shall, in its discretion, see fit to devolve a duty upon the registers, the act will, by construction, become not only a medley of confused and inharmonious provisions, but the court will load itself with ministerial duties which will in the end be found to be both laborious to itself and inconvenient to its suitors.

I do not see that, by the act or by the general orders made by the justices of the supreme court, power is specifically given to the register to make this order to show cause. But as the order is one made ex parte, and is, consequently, so far as the making if it is concerned, uncontested, I think that a register may make it, if, under section four of

the act, he is directed by the district judge to make it. It is very proper and convenient that the register charged with the case should make the order. This decision will, therefore, be regarded as a direction that the register to whom a case is referred shall have power to make the order in form No. 51, under section twenty-nine of the act.

The register also states, that the call for orders to examine bankrupts, their wives, and other witnesses before the registers, is becoming so frequent, that it would be exceedingly irksome to be compelled to fill out each order (form No. 45) and dispatch a messenger to the clerk's office to get the signature of the clerk and the seal of the court, and keep the applicant waiting meanwhile; that he, the register, sent a quantity of blank orders, form No. 45, to the clerk's office, to procure the signature of the clerk and the seal of the court to them, but the clerk refused to sign or seal the orders in blank, or unless they were filled up; and that, in view of the provisions of rule 2 of the general orders, he, the register, thinks the clerk is mistaken. The register says that he wishes to submit this question for the decision of the judge. An order, under section twenty-six of the act, requiring the bankrupt to attend and be examined, may properly be regarded as a summons; and so may an order, under the same section, requiring the wife of the bankrupt to attend and be examined as a witness; and so may an order, under the same section, requiring the attendance of any other person as a witness. The service upon the wife, or other person, of the order, is a summoning of him or her under section twenty-six, so that, for a failure to attend under such order, the party may be arrested. The order, form No. 45, is a summons, when served, quite as much as is the summons, form No. 48. Being a summons, it falls within rule 2 of the "General Orders in Bankruptcy;" and, therefore, under that rule, blanks of form No. 45, not filled up, but having the signature of the clerk and the seal of the court, will, upon application, be furnished by the clerk to the registers.

[The clerk will certify this decision to the register, Isaiah T. Williams.][2]