PARSONS and others *vs.* LANNING and others.

The " act relative to sales of land under a public statute or by virtue of any judicial proceeding," requires the first publication of the notice in the newspapers, to be made four whole weeks next preceding the day appointed for the sale.

Motion to set aside sheriff's sale of mortgaged premises.

*Mr. I. W. Lanning,* for motion.

*Mr. J. S. Aitkin, contra.*

THE CHANCELLOR.

The " act relative to sales of lands under a public statute or by virtue of any judicial proceeding," (*Rev., p.* 752,) directs that notice of the sale be given by public advertisements set up at five or more public places in the county, one whereof shall be in the township where the real estate is situated, of the time and place of sale, at least two months next before the time appointed for the sale, and by notice published in two of the newspapers printed and published, &c., at least four weeks successively, once a week, next preceding the time appointed for the sale. The notice in this case was published in one of the two newspapers, " The Princeton Press," for the first time, on the 15th of January. That is a weekly paper, published on Saturday. The sale was advertised to take place on the 10th of February following. This publication was not a compliance with the requirement of the statute. The notice, by advertisement in the newspapers, is to be for four weeks next preceding the day appointed for the sale. There must be four whole weeks between the first insertion of the advertisement in the newspaper and the day fixed for the sale. There were only twenty-six days in the publication in " The Princeton Press." There were, indeed, four insertions in that paper, viz., on the 15th, 22d, and 29th of January, and on the

.5th of February, but that is not a compliance with the direction of the act. *Francis* v. *Norris*, 2 *Miles* 150; *Olcott* v. *Robinson*, 20 *Barb.* 148 ; *Early* v. *Doe*, 16 *How.* 610.

For this defect in the notice, the sale will be set aside.