Lewis, J.
delivered the opinion of the court. In this case three questions have been made
1. Whether the delay of the voyage before the vessel sailed ' can affect the policy.
. 2. Whether the assignment of the policy by the plaintiff to Guerlain, previous to the sailing of the vessel, altered the risk, so as to vitiate the policy., .
3. Whether the abandonment was made in due season, the notice of loss having been received in April, 1797, and the abandonment made in October following.
1. It does not appear that the vessel was detained after the policy was dated, from fraud or.any sinister design, nor that
the risk was thereby enhanced. ' The vessel was [*317] ^insured for an India voyage, and several 'months may have been necessary, after the date or opening of the policy, to complete the insurance. Whether it was-so or not, was a question of fact to he raised at the trial, and decided by the jury. It is the practice to insure before, as well as after the commencement of the voyage, and while the circumstances and risk 'remain the same, it cannot be material whether the voyage is immediately pursued.(a) In the present case, the policy attached as soon as it was effected,-and it does not appear that there has been any unusual or unnecessary delay, nor that any occurred to alter the risk before the vessel sailed.
2. The objection as to the assignment of the policy appears *379 to be equally immaterial. Such assignments are common, and it is not easy to perceive how they can affect the insurer, unless in the case of neutral property assigned to a subject or citizen of one of the belligerent parties. That is not pretended to be the case here.(b)
3. It is contended, that the insured is bound to make his election in a reasonable time, after notice of the loss ; and if he does not elect to abandon within such time, he cannot afterwards. The right to abandon is for the benefit of the insured, and he has an election to exercise his right or not. If he pursues the enterprize and does not abandon, he may recover for a total or partial loss, according to the final event. By the terms of the policy, he may labor and sue in and about the property insured, without prejudice to the policy. He may, therefore, take the chance of the ultimate success of the voyage. If the loss should continue total, he may abandon, or if it be converted into a partial loss, he must recover accordingly. This is favorable to the interests of trade, and is consistent with the contract, and the rights of the parties.(c) *380 While the insured acts with good faith in endeavoring to recover the property, no injury can arise to the insurer. If he is guilty of. fraud, or culpable neglect, his conduct ought • not to affect the insurer, and the loss in consequence-[*318] *wou!d be his own. There is no fixed time at which the abandonment is to be made. In the present case, it was • made immediately after receiving the papers, proving the condemnation.. This was. the earliest period at which it could, with propriety, be done. Neither the account in the gazette, nor the master’s protest, considering the declaration with which it was qualified, was sufficient proof of the loss; and while the master was prosecuting his claim for a reco-' very, the insured was justified in waiting the event, and no possible injury could thereby arise to the insurer. . -
As the special clause relative to the warranty, provides for the mode of proof, and that the parties are not to be bound by ..a foreign condemnation, the sentence of the admiralty court can have no effect, as the requisite proofs of the neutrality of the property were produced at the trial.
The court are, therefore, of opinion, that the plaintiff is entitled to recover.
Judgment for the plaintiff.(a)

 But if the delay.be unnecessary and voluntarily, it will amount to a deviation. Marshall, 405. ‘ Park, 313. Doug. 291, 292. 4 Esp. N. P. Cases, 26. [To- thpse authorities’ add, Chitty v. Selwyn, 2 Atk. 359; Vallance v. Dewar, 1 Campb. 505 Ongier v. Jennings, id. note, Mount v. Larkins, 8 Bing. 108 Freeman v. Taylor, id. 139; Palmer v. Marshall, id. 317; sed vide Palmer v. Fenning, 9 id. 460; Kingston v. Gerard, 4 Dallas R. 274; Coffin v. Newburyport Ins. Co. 9 Mass. Rep. 436.]

 Wakefield v. Martin, 3 Mass. R. 558; Carter v. United Ins. Co. 1 Johns. Ch. R. 463; see also, 1 Atk. 546; Dhegetoft v. London Ass. Co. Moseley’s R. 83; Gourdon v. Ins. Co. of N. A. 3 Yeates, 327 ; S. C. 1 Binney, 430; Rousset v. The Same, 1 Binney, 429; Delany v. Stodart, 1 T. R. 22. See 1 Philips on Insurance. 2d edit. 34 et seq.

 In Stienbach v. The Columbian Ins. Co. 2 Caines’ R. 129, the supreme, court re-affirm the principle that ‘f an abandonment may be made at anytime after the accident, provided at the date of the abandonment the loss still continue total.” This judgment is affirmed in the court of errors of the state of New York, nom. Smith v. Stienbach, 2 Caines’ Cas. in Error, 158. The same point has been decided in Pennsylvania. Bohlen v. Delaware Ins. Co. 4 Binney, 430; Brown v. Phenix Ins. Co. 4 Binney, 445, 461, 462. But unless the loss continues to be total at the time of abandonment, the insurer will only be liable for partial loss. Id. The question, however, is of no praer tical importance, because, an entire loss of the property is assumed to have occurred, and it is idle to abandon in such a case. Abandonment is only necessary where the loss is constructively total, and the object of it is to rem der a loss total, which would otherwise, be only partial. The case of Mellish v. Andrews, 15 East, 13, is an authority the other way upon this question, though leading to the same general result. There the assured of goods having received intelligence on the. 8th of January, 1811,. that the ship’s papers were taken away on the 7th of December, preceding, by the Swedish govern *380 ment, within whose port she was, did not give notice of abandonment' to the defendant underwriter, till the 17th of January ; but though such notice was too late, supposing an abandonment to be necessary, yet as the goods were finally seized and unladen by .order of that government, on the 30th of April following, it was held, that the ineffectual notice of abandonment before given, did not preclude the assured from recovering as for a total loss without any abandonment. See also, Toro v. Smith, 3 Caines’ R. 245; Galbraith v. Gracie, 1 Wash. C. C. R.219; Livermore v. Newburyport M. Ins. Co. 1 Mass. R. 264, and 2 Phill. on Ins. 382, 387, 388.

 The case of Earl v. Lefferts, depending on the same facts, was decided in the same manner.