### ROGET *against* THURSTON.

Where a vessel was insured, excepting French *risks*, and was captured by a French privateer, and after being detained four days, was recaptured by a British frigate, and condemned, as French property, it was held that the insured could not recover.

The detention, like a deviation for that period, altered the risk, and must therefore be considered as discharging the policy. (Per *Radcliff*, J.)

If a loss continues total, the assured may at any time abandon, but in the interim he is bound to act with good faith, and take all proper measures to recover and preserve the property insured. (Per *Radcliff*, J.)

THIS was an action on a policy of insurance, on the cargo of the schooner Venelia, from New York to Port au Prince, *French risks excepted.*

The vessel was captured the 10th July, 1798, by a French privateer, in whose possession she remained until the 14th July, when she was recaptured by a British frigate. She was libelled in the vice-admiralty court of Jamaica, as the property of French subjects. No claim was interposed, and both vessel and cargo were condemned as lawful prize. After the condemnation, the agent for the plaintiff, on the 2d January, 1799, put in a claim and entered an appeal, which was allowed. No notice of the capture, or of the loss claimed, was given by the defendant, until an abandonment was made in October, 1799, which was immediately after receiving authenticated copies of the admiralty proceedings.

It was agreed that if the court should be of opinion that the plaintiff was entitled to recover for a total loss, then a judgment should be entered against the defendant, on a *cog-*

(*b*) See Phillips on Insurance, ed. 1840, 481. *Barker* v. *Ludlow, infra,* 289.

Roget v. Thurston.

*novit actionem*, for 507 dollars; *otherwise, a judg-   [*249]
ment was to be entered for the defendant.

*B. Livingston*, for the defendant.

*Pendleton* and *Hamilton*, contra.

RADCLIFF, J. delivered the opinion of the court. Three questions have been made in this cause; 1st. Whether the capture by the French, was within the exception of French risks?

Of this, I think there can be no doubt. If we give any effect to the terms of the exception, they must mean that the insurer is not to be liable for any loss by the acts of Frenchmen.

2d. Whether by the French seizure the risks insured against were determined, and the policy discharged?

By this seizure, an event within the exception of French risks happened, and the *casus fœderis*, upon which the insurer was not to be liable, occurred. The voyage was thereby materially interrupted, and the subject placed in a new situation. It cannot be said that the perils were not increased, nor that the subsequent capture was not a consequence, or probably occasioned by the first. It is not material that it should *appear* to be so. It is sufficient that the voyage was interrupted, and the vessel stopped, for at least four days by an event, the risk of which was undertaken by the insured. This detention, like a deviation for that period, altered the risk, and must be considered as discharging the policy.

On this ground, I am of opinion, the plaintiff cannot recover.

3. The third question, as to the time of the abandonment, it would be unnecessary to touch, but it has already been decided, in the case of *Earl* v. *Lefferts.(a)* *The   [*250]
right of abandonment was there considered as existing for the benefit of the insured, and to be exercised at his election. In a proper case, he has the right to abandon, but is not compelled to do it. He may take the chance of the ultimate success of the voyage, but he will thereby subject

(a) See *Earl* v. *Shaw*, 1 Johns. Cas. 313.

himself to the result of a total or partial loss, according to events. If the loss continues total, he may at any time abandon; but in the interim, he is bound to act with good faith, and take all proper measures to recover and preserve the property insured. If guilty of any fraud or misconduct, the loss resulting from it would be his own, and the insurer would not be injured.

From this decision it would follow, that if the insured, in the present case had, otherwise, a right to abandon, the abandonment was not too late, while the loss continued total.

But on the former ground, the plaintiff ought not to recover.

LEWIS, J. not having heard the argument, gave no opinion.

Judgment for the defendant.(*a*)

(*a*) See 1 Phillips on Insurance, ed. 1840, vol. 1, 697, 698, 731, 732 ; vol. 2, p. 387.