HENRY (UNITED STATES v.). See Cases Nos. 15,350 and 15,351.

HENRY, The CHARLES. See Case No. 2,-617.

HENRY, The JOHN. See Case No. 7,350.

HENRY, The PATRICK. See Case No. 10,-805.

HENRY, The (UNITED STATES v.). See Case No. 15,352.

HENSHAW (BISSELL v.). See Case No. 1,-447.

## Case No. 6,387.

HENSHAW et al. v. MUTUAL SAFETY INS. CO.

[2 Blatchf. 99.] [1]

Circuit Court, S. D. New York. Nov., 1848.

MARINE INSURANCE—INTERPRETATION OF POLICIES —INTEREST OF INSURED—TIME OF INSURANCE AND TIME OF LOSS.

1. These points are settled in the construction of policies of insurance: First, they are to have a liberal and benign interpretation in behalf of the insured; second. they are to be construed and enforced according to the plain intent of the parties, if no settled rule of law interposes to prevent; third, whether or not, by the general rules of insurance law, the fact that the insured party had no insurable interest in the subject insured at the time it was intended the contract should commence its operation. although he possessed such interest at the time of the loss, would render the policy invalid, yet it is competent for the parties to contract with a view to such a condition of things.

[Cited in The Sidney, 23 Fed. 93, 27 Fed. 125.]

[Cited in Duncan v. China Mut. Ins. Co., 129 N. Y. 244. 29 N. E. 76.]

[See Bank of South Carolina v. Bicknell, Case No. 898.]

2. There is strong color, however, for the doctrine, that the party intended to be insured will be protected. if he had an interest at the time of the loss. without any express stipulation to that effect, although he had no interest at the commencement of the risk.

3. A time policy, against marine risk. on a steam-vessel. for a succession of voyages. each voyage to bear its own average, made at the instance of N.. on account of whom it may concern. the loss payable to H.. for the sum of $15.000. is an agreement by the underwriters to insure all the interest to that amount which shall be owned in the vessel at the time of her loss within the policy, and to pay the loss to H., for the benefit of the actual owners. Such a contract is legal. and H., in his own right, or as trustee, is competent to enforce it.

4. The policy might, also. be construed as intending each separate trip of the vessel to be a distinct voyage. the risk on which would commence at its inception. and thus the party interested at the time of the loss would also be interested at the commencement of the .risk.

5. Where the declaration on such a policy averred that, at the time of the loss of the vessel. H., the plaintiff. was interested in her to the amount of the said insurance: *Held*, that it need not aver that H. was interested in her at the time of the insurance. or at the time of the commencement of the risk.

6. Where it averred that the insurance was for the use and benefit of H.. as trustee for N., and that, as such trustee, H. was interested in

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the vessel at the time of her loss: *Held*, that it need not set forth the nature or extent of the trust, they being matters of evidence.

Assumpsit on a policy of marine insurance. The declaration averred, in some of its counts, that on the 15th of July, 1846, at New York, the Norwich and Worcester Railroad Company, according to the usage and custom of merchants, caused a policy of insurance to be issued by the defendants, purporting and containing that the said railroad company, on account of whom it might concern, loss payable to the plaintiffs. [David Henshaw and others], insured, from the 15th of August, 1846, until the 15th of August, 1847, the steamer Atlantic, each passage subject to its own average, against marine risk only, for the sum of $15,000; that the plaintiffs were, at the time of the loss of the steamer, interested in her to the amount of the said insurance; and that she was totally lost on the 26th of November, 1846, on her passage from Allyn's Point, in Connecticut, to the city of New York. To these counts the defendants demurred specially, assigning for cause, that it did not appear that at the time of the insurance, or at the time of the commencement of the risk under the policy, the plaintiffs were interested in the vessel. Other counts averred that the insurance was for the use and benefit of the plaintiffs, as trustees for the railroad company, and that, as such trustees, they were interested in the vessel at the time of her loss. To these counts the defendants demurred specially, assigning for cause, that they contained no sufficient, distinct or intelligible description of the trust referred to, or of the title of the plaintiffs as such trustees.

Benjamin F. Butler and Daniel Lord, for plaintiffs.

John Duer and Theodore Sedgwick, for defendants.

BETTS, District Judge. The essential point upon which it is claimed by the defendants that the decision of the court should be in their favor is, that the policy is not obligatory on them, because the plaintiffs had no interest in the subject-matter of the insurance at the time the policy was executed, nor when it was to take effect. The policy contains no statement touching the interest of the plaintiffs in the subject of the insurance. The character of that interest must accordingly be indicated by averments in the declaration, and each count must contain such as are essential to the maintenance of the action. The declaration here must, therefore, be held to be defective in some of its counts, if, to uphold the policy, it be necessary for the plaintiffs to show an interest in themselves in the subject insured, either at the date of the contract or at the commencement of the risk.

We do not propose to review the various cases cited on the argument, which declare the necessity of a subsisting interest on the part of the insured at the inception of the contract, because, in our opinion, this case does not fall within the principle involved in those decisions.

We consider these points in the construction of policies of insurance to be incontestably settled: First, they are to have a liberal and benign interpretation in behalf of the insured; second, they are to be construed and enforced according to the plain intent of the parties, if no settled rule of law interposes to prevent; third, whether or not, by the general rules of insurance law, the fact that the insured party had no insurable interest in the subject insured at the time it was intended the contract should commence its operation, although he possessed such interest at the time of the loss, would render the policy invalid, yet clearly it is competent for the parties to contract with a view to such a condition of things. 3 Kent, Comm. (6th Ed.) 258; 1 Duer, Ins. 159, 160, note 1; Rogers v. Traders' Ins. Co., 6 Paige, 583, 596. There is, however, strong color at least for the doctrine, that the party intended to be insured will be protected if he had an interest at the time of the loss, without any express stipulation to that effect, although he had no interest at the commencement of the risk. Hughes, Ins. 42; 2 Duer, Ins. 49, § 31; Sutherland v. Pratt, 11 Mees. & W. 296; Hancox v. Fishing Ins. Co. [Case No. 6,013].

But we place our decision in this case upon the manifest purpose of the parties, as expressed in the policy. It was a time policy on a steam-vessel, for a succession of voyages, each voyage to bear its own average. It was made at the instance of the Norwich and Worcester Railroad Company, on account of whom it might concern, the loss payable to the plaintiffs, and the interest was vested in them when the loss occurred. Aldrich v. Equitable Ins. Co. [Case No. 155]; 1 Duer, Ins. 159, 160, note 1. Upon the statements of the contract, set forth in the declaration, we think that no stronger form of stipulation can be necessary, to render it palpable that the underwriters intended, by their agreement, to insure all the interest, to the extent of $15,000, which should be owned in the vessel at the time of her loss within the policy, and to pay the loss to the plaintiffs for the benefit of the actual owners. The authorities are abundant to show that such a contract is legal, and that the plaintiffs, in their own right, or as trustees, are competent parties to enforce it. Cox v. Parry, 1 Term R. 464; 2 Duer, Ins. 10, § 9; Id. 17, § 15; 1 Phil. Ins. c. 4, note a; Jefferson Ins. Co. v. Cotheal, 7 Wend. 72; Buck v. Chesapeake Ins. Co., 1 Pet. [26 U. S.] 151; Sutherland v. Pratt, 11 Mees. & W. 296. If the suit is avowedly in the name of an agent, it is only necessary for the declaration to disclose who the real parties in interest are. Rider v. Ocean Ins. Co., 20 Pick. 259; 2 Duer, Ins. 48, § 30. In this case, however, there is a positive averment that, at the time of the loss, the interest was in the plaintiffs, and that fact stands admitted by the demurrer.

It was conceded, on the argument, that a policy upon an interest to be acquired after the execution of the contract is valid. This is the ordinary, and, perhaps, the most serviceable class of insurances. Cargoes can be purchased and laden from port to port, on trading voyages, under the protection of policies already in existence, without waiting for the means of obtaining satisfactory insurance after the interest is acquired. The same principle applies to the changeable proprietorship of vessels; and we have no difficulty in expounding the present policy as contemplating a succession of ownerships in the steamer, and as intended by the underwriters to cover the interest in the vessel, in whomsoever it might be vested when a loss should occur. Such a contract, explicitly entered into, is, as we have already shown, recognized as valid both by the English and American law. Rogers v. Traders' Ins. Co., 6 Paige, 583, 596; 2 Duer, Ins. 29, §§ 21, 22, 24; Id. 41, § 28; Id. 49, § 31; Hughes, Ins. (Am. Ed. 42) 54.

There would be no incongruity in this case in construing the policy as intending each separate trip of the vessel to be a distinct voyage, the risk on which would commence at its inception, because it is a time policy, in reference to a succession of voyages or passages, each of which is subject to its separate average. That interpretation of the contract would satisfy the formal rule indicated in some of the cases, that the insured must be interested at the commencement of the risk and at the time of the loss. Seamans v. Loring [Case No. 12,583]; Hancox v. Fishing Ins. Co. [Id. 6,013]; Rider v. Ocean Ins. Co., 20 Pick. 259. We are not, however, prepared to say that the propositions of law laid down in the cases just cited, necessarily flowed from the points involved in those cases. But, in our view of the present case, it is not important to scan the force of those decisions, as the defendants here are responsible upon their express undertaking, and not upon any liability implied from the relation of the parties or the subject-matter of the contract.

We think that the plaintiffs are not bound to set forth with more particularity the nature and extent of their trust. They aver that they are trustees, that the insurance was for them, and that they were interested in the vessel at the time of her loss. Granger v. Howard Ins. Co., 5 Wend. 200, 202. The amount of the interest and the value of the trust are matters of evidence only, when it becomes important to inquire into either of those facts. Judgment for plaintiffs.