By the Court.—McAdam, J.
The contract was one of indemnity, and the defendant, by its valued policy, agreed that in the case the steamship “ Samana ” was lost at sea, it would pay to the Steamship Samana Company, on account of whom it might concern, the sum of $5,000. The loss occurred within the lifetime of the policy, and under its provisions the obligation to pay became complete.
The meaning and intention of the parties is apparent. The policy insures “ W. B. Duncan, Jr., on account of whom it may concern, in case of loss, to be paid * * * to Steamship Samana Company, limited.” At the end of the policy is the following clause : “ It is agreed that any change of interest in the vessel hereby insured shall *400 not affect the validity of this policy.” This contemplated the possibility that happened. While the policy was in force, the Steamship Saman a Co. sold the steamer to the Banana Steamship Co. for $41,000, in payment for which it received $12,500 in cash and a consideration money mortgage, in the name of the plaintiff, its managing agent, for the balance of the unpaid purchase money, which mortgage by virtue of the plaintiffs’ relations to the Steamship Samana Co., was held by him in trust for it. Contemporaneously with the execution of these papers, another agreement was executed by which the Banana Steamship Company was to have the benefit of the seller’s policies of insurance. These instruments are to be construed together as if all were contained within one. Marsh v. Dodge, 66 N. Y. 537. Their operation and effect were to create the change of interest contemplated by the special provision' of the policy, and to make the Banana Steamship Company, so far as it became interested in the property, one of those to whom the policy concerned, and its provisions extended. The loss was to be paid to the Steamship Samana Company, and the money when received by it was to be divided among those concerned, according to their respective interest's.
The principles relating to marine policies differ essentially, from those affecting fire insurance. A marine policy has a somewhat wider scope than that which is generally attributed • to it, and extends beyond the person by whom it is effected, to all who derive title from him subsequently, by a purchase which includes the insurance, as well as the property (see cases collated in 2 Am. Leading Cases by Hare and Wallace, 5th ed., pp.. 883, 884). It was said in Carroll v. The Marine Ins. Co., 8 Mass. 515, that the underwriter was entitled to notice of the transfer prior to the loss. But this doctrine is at variance with the authorities' which establish, that the right to transfer the benefit of a marine policy to a pur *401 chaser of the property may be exercised without the knowledge or concurrence of the insurers. 2 Am. Leading Cases, supra. The same rule was declared in Hitchcock v. North Western Ins. Co., 26 N. Y. 68, and see Henshaw v. Mutual S. I. Co., 2 Blatchf. 99 ; Hooper v. Robinson, 98 U. S. R. 528, and incidentally, Waring v. Indemnity Fire. Ins. Co., 45 N. Y. 606 ; Clinton v. Hope Ins. Co., 45 Ib. 454; Cromwell v. Brooklyn Fire Ins. Co., 44 Ib. 42; Savage v. Howard Ins. Co., 52 Ib. 501. The special provision in reference to change of interest was inserted in view of the rule stated, and to dispense with any notice of the change, even if notice would have otherwise been necessary.
The phrase “ whom it may concern ” is a technical one, and applies only to those who are in contemplation of the parties making the contract. Phillips on Ins., § 383 ; 1 Duer on Ins. 167, § 14; Hooper v. Robinson, 98 U. S. R. 528; Crosby v. N. Y. Mutual Ins. Co., 4 Bosw. 377. In case of a change of interest in the property and policy, the transferee becomes a party concerned, within the meaning of the contract, for the introduction of a new party by transfer of interest was authorized by the terms of the policy, and was, therefore, within the contemplation of the parties as fully as if the transferee had been a party in interest at the time the policy was issued. In marine insurance, the character of the risk, the value of the property and amount insured are the main considerations for the insurer, the person to whom the money is to go in case of loss, is of little consequence, so long as it is paid to a person authorized to receive it. The policy fixed the value of the vessel at $45,000, and being a total loss, the defendant is liable for its proportionate amount, $5,000, and there is nothing in the case which mitigates or reduces it. 1 Arnold on Ins. 321. The ¡steamship Samana Co. made an oral assignment to the *402 plaintiff of its rights in the premises, and subsequently, the company made a written transfer thereof to one Barnes, and he in turn made a similar transfer to the plaintiff. These writings were executed after suit brought, but were only in confirmation of what had been orally done before, so that like any other ratification it related back to the time when the act was done which it was intended to confirm. These facts clearly established the plaintiff’s right to the insurance money, for whom it might concern. The defendant did not plead the non-joinder of the Steamship Samana Company, as a party plaintiff, and the transfers, aforesaid, conclude it as effectually as if it were before the court.
There was also a failure to plead the non-joinder of the Banana Steamship Co., but its presence as a party was unnecessary.
The action was properly conducted in the name of the plaintiff as assignee of the Steamship Samana Co. for the benefit of the Banana Steamship Co. to the extent of its interest. Powles v. Innes, 11 M. & W. 10 ; Wakefield v. Martin, 3 Mass. 558; Earl v. Shaw, 1 Johns. Cas. 313; Sparkes v. Marshall, 2 Bing. N. C. 761. The only effect of naming Duncan .in the. policy was to recognize him as the principal or agent to whom the insurer could look as-the responsible; .creditor for the premium. 1 Arnold on Ins. 165. If he had any interest in the subject matter insured, he was sufficiently covered by the general phrase “ whom it may concern,” and did not require to be especially named. The case was carefully tried, the exceptions to the admission of evidence, and to the refusals to charge the injury are without merit. The evidence sustains the verdict, and the motion for a new trial was properly denied.
It follows that the judgment as well as the order denying the motion for a new trial must be affirmed with costs.
Truax, J., concurred.