WILLIAM B. DUNCAN, Jr., Respondent, *v.* THE CHINA MUTUAL INSURANCE COMPANY, Appellant.

/38-91.

The phrase " for whom it may concern " or any other terms of equivalent import, in a policy of marine insurance will be applied to the interest of any party for whose benefit it was intended by the person who procured or ordered the insurance.

A party, therefore, who has an interest in the property covered by the policy at the time of a loss, will be protected without an express stipulation to that effect, although he had no interest at the commencement of the risk, provided such an interest was intended to be insured.

A person with whom or in whose name a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of the provision of the Code of Civil Procedure (§ 449) which authorizes the trustee of an express trust to sue in his own name without joining with him the party for whose benefit the action is prosecuted.

A policy of marine insurance was issued by defendant, to plaintiff, "on account of whom it may concern, in case of loss, to be paid" to a corporation of which plaintiff was general manager and owner of nearly all of its stock. The vessel insured belonged to said corporation. The policy contained a stipulation that a change of interest in the vessel should not affect the validity of the policy. Plaintiff thereafter, in behalf of his company, sold the vessel insured to another corporation. Part of the purchase-price was secured by a mortgage on the vessel running to plaintiff, and by the contract of sale it was agreed that the insurance should stand and be held for the benefit of all interests until other policies could be obtained. The vessel insured was lost during the life of the policy which remained in plaintiff's possession; his company orally assigned to him its claims thereunder and the purchasing corporation, instructed him to collect the insurance. In an action brought by the plaintiff in his own name upon the policy, the complaint set forth all the facts showing his connection with the transaction, the sale of the vessel and the title to the same, the execution of the mortgage to him and the agreement in regard to the insurance, and that at the time of the loss he held the policy under an agreement between all the parties interested that it should stand in his hands as an indemnity to him in case of loss. No objection was made to the proofs of loss before the commencement of the action and no point was raised as to defect of parties plaintiff either by demurrer or answer. *Held,* that the objection as to non-joinder of parties plaintiff was waived (Code Civ. Pro. §§ 488, 498, 499) ; that it was the intent of the parties that the protection and benefit of the insurance should be extended to persons who should subsequently acquire, and at the time of a loss have, an interest in the property insured under transfers from the insured, and so included the interest of said vendee; that plaintiff as trustee or assignee of his company was entitled to recover such interest as it had in the policy, and also as trustee the interests of said vendee.

(Argued October 29, 1891; decided December 1, 1891.)

APPEAL from judgment of the Superior Court of the city of New York, entered upon an order made May 4, 1891, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought upon a policy of marine insurance. The facts, so far as material, are stated in the opinion.

*J. Langdon Ward* for appellant. The motion to dismiss the complaint should have been granted. (Phillips on Ins.

§ 383; *Hooper* v. *Robinson*, 98 U. S. 528; *Crosby* v. *N. Y. M. Ins. Co.*, 5 Bosw. 369; *P. Ins. Co.* v. *Catlett*, 4 Wend. 75; *Humphreys* v. *McKissock*, 140 U. S. 304; *Mallory* v. *T. Ins. Co.*, 47 N. Y. 52.) It affirmatively appears that the assured, the Steamship Samana Company (Limited), had parted with its entire interest in the insured vessel before she sailed on the voyage on which she was lost. The company itself, therefore, could not maintain an action on this policy. (*Graves* v. *B. M. Ins. Co.*, 2 Cr. 440.) It is contended by the plaintiff that a policy of marine insurance, where the subject insured was sold, might be transferred with it, without the knowledge or consent of the underwriters. This is untenable. (3 Kent's Comm. 261; *Carroll* v. *B. M. Ins. Co.*, 8 Mass. 515; *Hitchcock* v. *N. Ins. Co.*, 26 N. Y. 69; *Watson* v. *Swann*, 11 C. B. [N. S.] 756.) The questions to which exceptions were taken which required the witnesses to give opinions not based on facts to which they or anyone else had testified, but based on knowledge in the one case and observation in the other, thus substituting the judgment of the witnesses based on matter not of record for the judgment of the jury on facts proved, were improper. (*Ferguson* v. *Hubbell*, 97 N. Y. 507–512.)

*Everett P. Wheeler* for respondent. The contention that the interest of the Steamship Samana Company in the policies terminated when the Samana was sold to the Banana Steamship Company, and that the policies thereupon became inoperative, is untenable. (*Hooper* v. *Robinson*, 98 U. S. 528; *Henshaw* v. *M. S. Ins. Co.*, 2 Blatchf. 99; *Waring* v. *I. F. Ins. Co.*, 45 N. Y. 606; *Hitchcock* v. *N. W. Ins. Co.*, 26 id. 68; *Delahunt* v. *A. Ins. Co.*, 97 id. 537.) Plaintiff had the right to sue. (*Clinton* v. *Hope Ins. Co.*, 45 N. Y. 54; *Hooper* v. *E. Bank*, 30 id. 83; *Greene* v. *R. F. Ins. Co.*, 84 id. 575; *Bommer* v. *A. S. S. Co.*, 81 id. 468; *Porter* v. *Wormser*, 94 id. 431; *Hawley* v. *Keeler*, 53 id. 114, 120; *T. G. T. Co.* v. *C. B. & Q. R. R. Co.*, 123 id. 37; *Delahunt* v. *A. Ins. Co.*, 97 id. 537, 543; *Farrow* v. *C. Ins. Co.*, 18 Pick. 53.) The

defendant contends that the words "loss, if any, payable to the Samana Company," make it impossible for any person other than said company to sue. (*Ennis* v. *H. F. Ins. Co.*, 3 Bosw. 516; *Beach* v. *B. F. Ins. Co.*, 8 Abb. Pr. 261.) The case is plainly within the provision of the Code that the trustee of an express trust may sue in his own name, and that a person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust. This contract by its very terms is made with the plaintiff for the benefit of the Steamship Samana Company and of any person to whom its interest may be transferred. (Code Civ. Pro. §§ 449, 499; *Considerant* v. *Brisbane*, 22 N. Y. 389; *Walsh* v. *W. Ins. Co.*, 32 id. 427, 439; *A. & R. I. Co.* v. *Lunkberg*, 121 U. S. 451; *Cummins* v. *Barkalow*, 1 Abb. Ct. App. Dec. 479; *Carr* v. *S. Ins. Co.*, 109 N. Y. 504; *Powles* v. *Innis*, 11 M. & N. 10; *Bidwell* v. *N. W. Ins. Co.*, 19 N. Y. 179.) If the objection had been taken by the answer that the suit should have been brought in the name of the Steamship Samana Company, the plaintiff might have amended by making that company a party to the suit, or might have discontinued the present suit and brought another. Not having been so taken it was waived. (Code Civ. Pro. §§ 490, 499; *Perkins* v. *Stimmel*, 114 N. Y. 368; *Palmer* v. *Davis*, 28 id. 242; *Havanna* v. *Wickham*, 16 How. Pr. 97; *Barclay* v. *Q. M. Co.*, 6 Lans. 25.) If the mortgage on the steamship had been made to the Steamship Samana Company, the policy would have continued in force, and the right of action would have been clear. (*Hitchcock* v. *N. W. Ins. Co.*, 26 N. Y. 68; *Phelps* v. *G. F. Ins. Co.*, 9 Bosw. 404; 1 Perry on Trusts, §§ 127, 130; *Kennedy* v. *Porter*, 109 N. Y. 526; *G. E. R. Co.* v. *Turner*, L. R. [8 Ch. App.] 149; *Bank of Havana* v. *Magee*, 20 N. Y. 356.) Defendant's contention that the mortgage was in writing, and that it is not competent to change the terms of a written instrument by parol, is untenable. (1 Greenl. on Ev. §§ 26, 266, 279; *Tyson* v. *Post*, 108 N. Y. 217; *Sprague* v. *Hosmer*, 87 id. 466; *Whitbeck* v. *Waine*, 16 id. 532; *Brick* v. *Brick*, 98 U. S. 514; *Horn* v. *Keteltas*, 46

N. Y. 605; *Walsh* v. *W. M. Ins. Co.*, 32 id. 427.) The policy was a valid policy, and the recovery must be for the full amount insured. (3 Kent's Comm. 273, 274; *P. & S. S. S. Co.* v. *P. Ins. Co.*, 89 N. Y. 559, 564; *Sturm* v. *A. M. Ins. Co.*, 63 id. 77.) The expert testimony was allowable. (1 Greenl. on Ev. § 440; *Price* v. *Hartshorn*, 44 N. Y. 94; *Van Wycklen* v. *City of Brooklyn*, 118 id. 420, 430; *Walsh* v. *W. M. Ins. Co.*, 32 id. 427, 442.)

O'BRIEN, J. The plaintiff recovered, as for a total loss, upon a policy of insurance issued by the defendant upon the steamship Samana for $5,000. At the time the insurance was effected the vessel was owned by the Steamship Samana Company, Limited, a corporation organized under the laws of Great Britain. The policy was to be in force from the 3d day of August, 1888, to the 3d day of August, 1889, at noon. The Samana sailed from New York November 22, 1888, bound for a port in the West Indies, and has never since been heard from. At the trial the jury found upon sufficient evidence that the steamer was lost in a storm on the voyage and by perils of the sea, one of the risks covered by the policy prior to December 3, 1888. The policy bears date July 28, 1888, and the portions of it, material to the questions involved here, are as follows :

" By the China Mutual Insurance Company — W. B. Duncan, Jr., on account of whom it may concern, in case of loss, to be paid in funds current in the United States or in the city of New York, to Steamship Samana Co., Limited. Doth make insurance and cause to be insured at and from the 3d day of August, 1888, at noon, until the 3d day of August, 1889, at noon. * * * Upon the body, tackle, apparel, ordinance, munition, artillery, boat and other furniture of and in the good steamship or vessel called ' Samana.' * * * The said ship, etc., for so much as concerns the assured, by an agreement between the assured in the policy, are and shall be valued at as follows :

" Hull, tackle, apparel and furniture............          $25,000
" Machinery and boilers.....................          20,000
                                                  —————
                                                  "$45,000

" Forty-five thousand dollars — sum insured $5,000.

" To return *pro rata* premium for every thirty days of unexpired time, if this policy be canceled on arrival.  *  *  *

" It is agreed that any change of interest in the vessel hereby insured shall not affect the validity of this policy."

The plaintiff was the general manager in New York of the Steamship Samana Company, Limited, and owned all of its stock, except twenty-five dollars, which was held by five other persons in order to satisfy some requirement of the English law.   On the 5th of October, 1888, the plaintiff, in behalf of his company, entered into an agreement in writing with one Colville, in behalf of another limited company to be organized under the laws of Great Britain, for the purchase and sale of the Samana for $41,000, a portion of the purchase-price to be paid down and the balance secured by a mortgage on the vessel.   The contract also provided that the insurance, then existing upon the steamer, should stand and be held for the benefit of the vendee until other policies could be arranged, and that the vendee should pay the unearned premiums up to such time.   The Banana Steamship Company was organized, and in pursuance of the contract the Samana was transferred to it on November 15, 1888, by a regular bill of sale, executed by the plaintiff as manager of the Steamship Samana Company, Limited.   On the same day the Banana Steamship Company executed to the plaintiff a mortgage on the vessel to secure $28,500 of the purchase-money remaining unpaid.   This was the condition of the title to the vessel at the time of the loss.   During all this time the policy remained in the plaintiff's possession.   The Steamship Samana Company made an oral assignment of its claims under the policy to the plaintiff and subsequently, but after this action was commenced, the company in writing transferred, through a third party, its claim to the plaintiff.   It appears from

the proofs of loss, which were not objected to, that before the commencement of this action, the plaintiff sent a cable message to Collville, who, it may be assumed, was the manager of the Banana Company in Europe, asking him "shall we commence suit or make policies over to you?" to which message there was a reply instructing plaintiff to collect the insurance himself. We do not understand that there is any substantial dispute between the parties that the interest of the Samana Steamship Company as mortgagee could be recovered in an action upon the policy. The insurance was, by the terms of the policy, payable to that company and, when the loss occurred, it still had an interest in the vessel, not as owner, it is true, but as the holder of a mortgage to secure a portion of the purchase-money. The only point that is made by the defendant's counsel, so far as this interest is concerned, is that it cannot be recoved by a suit brought by the plaintiff in his own name and, in any event, the amount of the recovery must be limited to such proportion of the interest represented by the mortgage, as the amount insured bears to the whole value of the ship, or to one-ninth of $28,500. The contract was made by the defendant with the plaintiff, though the loss if any, was made payable to the Steamship Samana Company (Limited). The plaintiff was the manager and owner of the company except the five shares of $5 each. The policy was in his possession from its delivery, by the defendant, to the time of the commencement of the action. It was agreed, at the time of the sale of the vessel to the Banana Company that the mortgage for the purchase-money, should run to the plaintiff instead of the Samana Company, and it was agreed that he should hold the policy for the benefit of all interests. All the facts showing the plaintiff's connection with the transaction, the sale of the vessel and the title to the same, the execution of the mortgage to the plaintiff and the agreement in regard to the insurance, appeared upon the face of the complaint. As the defect of parties plaintiff was not raised by the defendant, either by demurrer or answer, the objection is deemed to be waived. (Code, §§ 488, 498, 499;

*Sullivan* v. *N. Y. & R. C. Co.*, 119 N. Y. 356.) Under these circumstances, if the action was simply to recover for such interest as the Samana Company had in the loss, the plaintiff's right to recover, as trustee or assignee, could be upheld. (*Cone* v. *Niagara Fire Ins. Co.*, 60 N. Y. 619 ; *Martin* v. *Tradesmen's Ins. Co.*, 101 id. 504.) But in order to justify the full recovery in this case it must be shown that the indemnity of the policy extended to the interest of the Banana Company as vendee, at the time of the loss, and that the plaintiff was, under the circumstances of the case, competent to sue for and recover such interest also. The contract insures " W. B. Duncan, Jr., on account of whom it may concern, in case of loss, to be paid  *  *  *  to Steamship Samana Company (Limited)," and this is accompanied with a stipulation by which the parties agree that any change of interest in the vessel thereby insured, shall not affect the validity of the policy. While contracts of marine insurance are to be liberally construed, in favor of the insured, they are not deemed to cover any risk or any interest that was not fairly within the scope and intention of the parties when the contract was made. The technical phrase " for whom it may concern," or any other terms of equivalent import in such a policy will be applied to the interest of the party for whose benefit it was intended by the person who procures or orders the insurance. These terms will not carry the benefit of a policy to a risk or an interest not fairly within the contemplation of the parties to the policy. (Phillips on Ins. § 383 ; 2 Pars. on Marine Ins. 45 ; *Hooper* v. *Robinson*, 98 U. S. 528 ; *Henshaw* v. *M. S. Ins. Co.*, 2 Blatchf. 99 ; *Rogers* v. *Traders' Ins. Co.*, 6 Paige, 583.) The result of this principle is that a party who has an interest in the property covered by such a policy at the time of the loss, will be protected, without any express stipulation to that effect, though he had no interest at the commencement of the risk, providing he was intended to be insured. The construction that should be given to such contracts was thus stated by Judge FOLGER in *Waring* v. *Indemnity Fire Ins. Co.* (45 N. Y. 612) :

"Of course, it must be made to appear that the owner was in the intention of the person effecting the insurance when the contract was made. Such intention need not have fastened at the time of entering into the contract upon the very person who, when the contract matures, seeks to take the benefit of it * * * and it is to be assumed that every one was in the intention of the insurer, who subsequently with design takes such relations to him as brings him within the clauses of the policy. The intention must have been to effect insurance for any person and all persons who during the running of the policy should have goods within its description of property insured."

When the contract in question was made, there was but one party interested in the ship, namely, the corporation of which the plaintiff was the manager. But, beyond all question, the parties to the contract intended that the protection and benefit of the insurance should be extended to persons who should subsequently acquire and, at the time of the loss, have an interest. By agreeing to indemnify in case of loss "whom it may concern," and in the same contract stipulating that any change of interest should not affect the validity of the policy, the underwriters must, in the absence of some condition to the contrary, be deemed to have contemplated a sale of the vessel, such as took place in this case, and a liability on their part to the vendee in case of a loss. The contract was not a personal one between the plaintiff or the Steamship Samana Company on the one hand and the defendant on the other, but was intended to apply to and cover subsequently, acquired interests of others under transfers from the insured. These principles would, of course, extend the benefits of the policy in question to the Banana Company without any notice to the defendant or any further assent on its part. The only remaining question is the right of the plaintiff to sue for and recover that part of the claim under the policy, arising from the loss, that belonged to the Banana Company. We do not think there is any embarrassment in the fact that the mortgage for the purchase-money ran to the plaintiff. On the undisputed evi-

dence he took this security for the benefit of the corporation, of which he was the manager and agent. It is competent to look beyond the mere form of the instrument to the actual transaction, and then it is seen that the interest represented by the mortgage was that of the Samana Company, which, for all the purposes of this case, can be said to be the real mortgagee. It is quite likely that, upon a complaint properly drawn, there was evidence enough in the case to warrant a finding that the parties in interest intended to transfer their respective interests to the plaintiff, to recover for them as an assignee. But the complaint does not seem to have been framed, nor the trial had, upon this theory. It is, however, substantially alleged and proved that, at the time of the loss, the plaintiff held the policy under an agreement between all the parties interested in the vessel, that it should stand in his hands as an indemnity to them in case of loss. He was their trustee, and as such could enforce the contract for their benefit. The plaintiff also seems to be within section 449 of the Code, which authorizes the trustee of an express trust to sue in his own name without joining with him the party for whose benefit the action is prosecuted. A person with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust within the meaning of that section. The contract in question was made by defendant with the plaintiff. It ran to him by name for the benefit of the Samana Company, and, as we have seen, by the use of the phrase "for whom it it may concern," to its transferee. In the absence of any pleading by defendant raising any question in regard to the non-joinder of parties in interest, and in view of the fact that payment of the loss to the plaintiff will, under all the circumstances of the case, discharge the underwriters, the objection now as to the form of the action is, we think, quite untenable. The exceptions taken at the trial were properly disposed of in the courts below.

The judgment should be affirmed, with costs.

All concur, GRAY, J., in result, EARL, J., not voting.

Judgment affirmed.