HOWELL, JR., Plaintiff, *v.* GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Defendant.

Supreme Court, New York County, October 19, 1928.

*Cutting, Phillips & Hall,* for the plaintiff.

*Duncan & Mount,* for the defendant.

TOWNLEY, J. Motion by plaintiff to strike out defendant's first and second defenses on the ground of insufficiency. The action is on a policy of marine insurance issued by the defendant, which insured L. R. Connett & Co., Inc., for account of whom it may concern, covering the scow *Dudley* for a term beginning August 5, 1927, and ending August 5, 1928. By the printed form the policy provides: " By this policy of insurance do make insurance and cause L. R. Connett & Co., Inc., on account of assured, loss if any payable to assured or order."

The policy was dated July 16, 1927, and on the same day a type-written rider was annexed to the face of the policy, which states the assured as " L. R. Connett & Co., Inc., for account of whom it may concern." In the printed form of the policy is a provision which expressly forbade any transfer of the interest of the assured unless consented to by the company in writing, and also expressly provided that any change in the nature of the insurable interest of the insured in the property without such consent would void the policy thenceforth. The clause in question is as follows: " The interest of the assured in this policy or any part thereof or in the property insured or any part thereof is not assignable unless by the consent of this company manifested in writing and in case of transfer or termination of any such interest of the assured or any change in the nature of the insurable interest of the insured in the property aforesaid, either by sale or otherwise, without such consent, this policy shall from thenceforth be void and of no effec* "

The first defense sets out the above provision contained in the policy and then alleges that the insured, L. R. Connett & Co., Inc., entered into a written contract on February 28, 1928, with the Gildersleeve Shipbuilding Corporation for sale to Gildersleeve of the assured's fleet of six deck scows, including the scow *Dudley;* that under the terms of this contract the Gildersleeve Shipbuilding Corporation made an immediate substantial payment on account of the purchase price of said vessels, took possession and control of said vessels, and agreed to pay the balance of the purchase price in monthly installments; that title was to be transferred at a future time, and that at the time of closing the seller should deliver to the purchaser a bill of sale, and should take from the purchaser a preferred mortgage or mortgages covering the said scows; that the contract further provided that the purchaser should become the absolute insurer of the scows against any and all damage, wear and tear whatsoever, and that the purchaser should cover said scows with full fire and marine insurance for the seller's benefit; that the contract and delivery of the scows pursuant thereto was made approximately three weeks prior to the disaster to the scow *Dudley* referred to in the complaint, and that the execution and delivery of this contract and the making of the initial payment thereon and the delivery of the scow *Dudley* to the purchaser pursuant thereto effected a change in the nature of the insurable interest without the consent of the defendant, which rendered the policy void and of no effect in accordance with the said policy provision.

Plaintiff claims this defense is insufficient for two reasons: *First,* that the agreement on the part of the L. R. Connett & Co., Inc., for the sale of this vessel did not change Connett's insurable interest, that is to say, the title, which remained intact until after the damage; and, *second,* that the clause was in effect eliminated and written out of the policy by the terms of the typewritten rider, which provided: " L. R. Connett & Co., Inc., for account of whom it may concern. * * * The terms and conditions of this form are to be regarded as substituted for those of the policy form to which it is attached in so far as they may conflict."

It is an established rule that contracts of marine insurance are to be liberally construed in favor of the insured. (*Duncan* v. *China Mut. Ins. Co.,* 129 N. Y. 237.) It is my opinion that the very purpose of stating in the typewritten rider that the insurance was for account of whom it may concern was to do away with the printed provision in the policy form in regard to the prohibition against change of interest. The technical phrase " for whom it may concern," or any other term of equivalent designation or import in a marine insurance policy, consists of general words and embraces the

interests of any person whatever who may ultimately appear to be concerned if such was the intention of the party effecting the insurance, and any person coming within that category who subsequently chooses to ratify or adopt the policy may obtain the benefit of it. The phrase advises the insurer and the insurer accordingly knows that the party in whose name the policy is issued intends other interests than his own to be covered and that others are or will be interested at the time of a loss in the property insured. It indicates that the policy shall apply generally so as to cover the interest of those who at any time during the pendency of the risk by subsequent ratification or adoption take advantage of the policy to protect their interest or interests in the property insured, unless it appears from extrinsic evidence that the person directing the policy to be effected intended at the time so to confine the insurance as not to embrace such interest. Such phrase carries an agreement or covenant on the part of the insurer to pay any loss to all persons whose interests were so intended to be covered and that the named insured and others interested might join in an action to enforce the policy in case of loss. (*Hagan* v. *Scottish Ins. Co.*, 186 U. S. 423; *Hooper* v. *Robinson*, 98 id. 528; *Duncan* v. *China Mut. Ins. Co.*, 129 N. Y. 237; *Burrows* v. *Turner*, 24 Wend. 276; 2 Joyce Ins. [2d ed.] § 619; 5 id. § 3609; 38 C. J. 1027.)

The language of the rider, in my opinion, clearly expresses an intention upon the part of the insured that he intended that all the title and interest in the scow should be protected by this insurance in the hands of any person to whom the assured might transfer the same or any portion thereof during the current term of the policy. Had the intention of the assured been only to protect his own interests, the policy naturally would have been taken out in his own name, omitting the qualifying phrase " for account of whom it may concern." The typewritten rider is clearly inconsistent with the printed condition in the policy form itself as to change of interest and I hold that the typewritten rider displaced and nullified the change of interest clause in the printed policy form. I consider that the first defense is insufficient and should be stricken out.

The defendant's second defense, after repeating the allegations of various paragraphs of the first defense, alleges that the contract of marine insurance here involved was a contract to indemnify the assured against losses actually sustained by the insured, and then alleges, on information and belief, that L. R. Connett & Co., Inc., sustained and suffered no losses whatsoever by reason of the disaster to the scow *Dudley*, as alleged in the complaint, for the reason that after the disaster the Gildersleeve Shipbuilding Corporation completed its contract to purchase, accepted a bill of sale of the scow

Dudley in its damaged condition, gave the seller a preferred mortgage covering the said scow, and in all ways performed the terms and conditions of the said contract of sale and purchase, and further that the scow *Dudley* has been fully and completely repaired without any legal obligation upon the L. R. Connett & Co., Inc., to pay for said repairs, and that accordingly Connett & Co., Inc., has suffered no loss or damage for which it is entitled to be indemnified under this policy of marine insurance now sued upon. It is not disputed by the plaintiff that marine policies are contracts of indemnity and accordingly the assured can recover only to the extent of damages sustained. (*Insurance Co.* v. *Bailey*, 13 Wall. 616, 618.) For the purposes of this motion I consider that whether L. R. Connett & Co., Inc., sustained any damages or not is wholly immaterial, because this marine policy is a contract of indemnity not solely personal to L. R. Connett & Co., Inc., but is also a contract of indemnity not only to L. R. Connett & Co., Inc., but also " for account of whom it may concern." It will be sufficient upon trial to establish that the damages sustained were sustained either by L. R. Connett & Co., Inc., or were sustained by any person embraced within the phrase " for account of whom it may concern." Here the plaintiff is suing as assignee of both L. R. Connett & Co., Inc., and of Gildersleeve Shipbuilding Corporation, and as such assignee is entitled to damages sustained either by L. R. Connett & Co., Inc., or by the Gildersleeve Shipbuilding Corporation. Accordingly, I consider the second defense insufficient.

Motion to strike out the first and second defenses is granted, with ten dollars costs, with leave to the defendant, if so advised, to serve an amended answer within twenty days after service of order, with notice of entry upon payment of said motion costs. Order signed.