## *In re* KOCH'S WILL.

*(Surrogate's Court, Kings County.    September 10, 1890.)*

WRITS—CITATION IN SURROGATE'S COURT—SERVICE BY PUBLICATION.

Code Civil Proc. N. Y. § 2524, relating to orders for the service by publication of a citation in the surrogates' courts, requires the publication to be "not less than once in each of six successive weeks," and contains in other respects substantially the same provisions as section 440, relating to service of summons by publication. Section 2532 provides that service of a citation must be proved in the same manner as service of a summons. *Held*, that service by publication of a citation in a surrogate's court is not complete until the expiration of six full weeks from the day of the first publication.[1]

Proceedings for the probate of the will of John Casper Koch, deceased. Code Civil Proc. N. Y. §§ 440, 2524, are as follows: "Sec. 440. The order may

---

[1] As to service of process by publication, see Matthews v. Gilleran, *ante*, 74, note.

be made by a judge of the court, or the county judge of the county where the action is triable. It must direct that the service of the summons upon the defendant named or described in the order be made by publication thereof in two newspapers, designated in the order as most likely to give notice to the defendant, for a specified time, which the judge deems reasonable, not less than once a week for six successive weeks; or, at the option of the plaintiff, by service of the summons, and of a copy of the complaint and order, without the state, upon the defendant personally, if he is of full age, or an infant of the age of fourteen years, or upwards; or, if the defendant is a corporation, upon an officer thereof, specified in section four hundred and thirty-one or four hundred and thirty-two of this act. It must also contain, either a direction that on or before the day of the first publication the plaintiff deposit in a specified post-office, one or more sets of copies of the summons, complaint, and order, each contained in a securely closed post-paid wrapper, directed to the defendant, at a place specified in the order; or a statement that the judge, being satisfied by the affidavits upon which the order was granted that the plaintiff cannot, with reasonable diligence, ascertain a place or places where the defendant would probably receive matter transmitted through the post-office, dispenses with the deposits of any papers therein."

"Sec. 2524. Where an order directing the service of a citation without the state, or by publication, is made, as prescribed in either of the last two sections, the party applying therefor must produce proof, by affidavit or otherwise, to the satisfaction of the surrogate, that the case is one of those specified in those sections. The order must direct that service of the citation upon the person named or described in the order, be made by publication of the citation in two newspapers, designated as prescribed in this article, for a specified time, which the surrogate deems reasonable, not less than once in each of six successive weeks; or, at the option of the petitioner, by delivering a copy of the citation, without the state, to each person so named or described, in person, and if the person to be served is an infant under the age of fourteen years, also to the person with whom he is sojourning; or if the service is made upon a corporation, to an officer thereof, specified in sections 431 or 432 of this act. It must also contain either a direction that on or before the day of the first publication, the petitioner deposit in a specified post-office a copy of the citation and of the order contained, in a securely closed post-paid wrapper, directed to the person to be served, at a place specified in the order; and if the person to be served is an infant under the age of fourteen years, a further copy, likewise contained in a securely closed post-paid wrapper, directed to the person with whom such infant is sojourning, or a statement that the surrogate, being satisfied by the affidavit upon which the order was granted that the petitioner cannot, with reasonable diligence, ascertain a place or places where the person to be served would probably receive matter transmitted through the post-office, dispenses with the deposit of any papers therein."

*William O. Campbell*, for executor. *R. D. Whiting*, for John C. Koch. *Charles Bradshaw*, special guardian.

ABBOTT, S. Under the provisions of the Code of Civil Procedure, sections 440, 441, 787, in reference to the service of summons by publication, such service is not complete until the expiration of at least six full weeks from the time of the first publication. *Market Nat. Bank* v. *Pacific Nat. Bank*, 89 N. Y. 397. The process designated as a citation in the surrogate's court corresponds exactly to the summons in other courts, and section 2532 prescribes that the proofs of service of both processes must be made in the same manner. Section 2524 was undoubtedly intended to correspond to section 440, and it would be but a refinement of language to hold otherwise; consequently the decision in 89 N. Y., *supra*, is controlling. The service of citation is therefore incomplete.