## Press Pub. Co. *v.* Baker.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

Publication of Summons—Compensation.

Code Civil Proc. N. Y. § 3317, prescribes the rates to be charged for publication of summons and notices required by law. *Held* that, in default of any agreement between the parties as to the rate of publication of a summons and notice, the parties must be presumed to have contracted with reference to the existing legal rate.

Appeal from second district court.

Action by the Press Publishing Company against Seward Baker to recover compensation for publishing a summons and notice required by law, service by publication thereof having been directed by the court, and the plaintiff's newspaper, the World, being one of the papers designated for the purpose of such publication. There was a judgment for the plaintiff, and the defendant appeals.

Argued before Bischoff, P. J., and Pryor, J.

*Irving Washburne,* for appellant. *Samuel L. Gross,* for respondent.

Bischoff, J. Upon the trial of this action the justice ruled that the plaintiff was not confined to the rates prescribed by section 3317 of the Code of Civil Procedure, and plaintiff was permitted, against defendant's objections and exceptions, to recover in excess of those rates. This we think was error for which the judgment should be reversed. Plaintiff, having performed the services requested by the defendant, could, in the absence of an express agreement fixing the amount of compensation, at common law only recover what the services were fairly and reasonably worth. 1 Lawson, Rights, Rem. & Pr. p. 444, § 245, and page 465, § 266, and cases cited; *Booth* v. *Bierce,*

38 N. Y. 463; *Konitzky* v. *Meyer*, 49 N. Y. 571. In respect, however, to the publication of a summons, and other papers specified therein, section 3317 has abrogated the common-law rule; and, while it may not have been obligatory upon the plaintiff to publish the summons and notice at all, yet, having done so without any promise by defendant to pay any other compensation, both contracting parties must be deemed to have made their agreement with reference to the law as it existed at the time, and with notice and the knowledge of which they were alike chargeable. 2 Wait, Act. & Def. p. 286, § 8, and authorities cited. The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.