## GRAY v. JOURNAL OF FINANCE PUB. CO.

(Common Pleas of New York City and County, General Term.   February 6, 1893.)

1. BREACH OF CONTRACT—ACTION BY AGENT—UNDISCLOSED PRINCIPAL.
    Where plaintiff, attorney for the executors in probate proceedings, makes a contract with defendant publishing company for the publication of a citation, and defendant deals with no one but plaintiff, receives his money and makes out the receipt to him, and knows of no one else in the transaction, and as yet no executor has been appointed, plaintiff, so far as defendant is concerned, is the principal, or, at least, an agent of an undisclosed principal, and as such may sue for a violation of the contract.

2. SAME—ATTORNEY AS AGENT.
    The fact that plaintiff was a lawyer has no bearing on the question; for in contracts made by attorneys, acting as such, they are capable of suing, and are liable to be sued, the same as other agents or factors.

3. CONTRACT—CONSTRUCTION—BREACH.
    Where defendant agreed to publish a citation once a week for six successive weeks, commencing on a certain date, a failure to publish the citation in the third week was a breach of contract, and vitiated the entire publication and service, and a publication for six successive weeks after such omission is not a performance.

Appeal from second district court.

Action by Joseph H. Gray, Jr., against the Journal of Finance Publishing Company, to recover damages for breach of a contract for the publication of a citation in probate proceedings.   From a judgment entered on an order dismissing the complaint, plaintiff appeals.   Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Thomas F. Murtha, for appellant.

Howe & Hummel, (David May, of counsel,) for respondent.

BOOKSTAVER, J.   The plaintiff, an attorney at law, was employed by the executors of the estate of Clinton Gilbert, deceased, to take proceedings in the surrogate's court for the probate of the will of said Gilbert.   In order to obtain jurisdiction over the many parties interested in the probate, it became necessary to publish a citation against a number of nonresident next of kin.   To this end an order was made by the surrogate of the county of New York on or about December 14, 1891, directing the service of the citation upon such nonresident parties by publication in the New York Law Journal and in the Journal of Finance, the defendant herein, once a week for six successive weeks, commencing on December 18, 1891.   The defendant published the citation on December 18th and again on December 24th, but failed to publish it during the succeeding and third week of the period, as directed by the surrogate's order.   The results of this failure were that the services by publication became invalid both as to the defendant's newspaper and as to the Law Journal, and hence it was necessary to prepare a petition for a supplemental citation, and obtain an order from the surrogate vacating the former order, and directing a new publication of the citation in the Law Journal and another newspaper, thus adding the expense of an entirely new publication to the expenses already incurred.

Plaintiff brought this action to recover these disbursements, and also for his services and labor rendered necessary by defendant's breach of contract. Upon the trial three defenses were interposed: (1) That the plaintiff was not the real party in interest, and had no right to recover any sum from the defendant; (2) that he was not acting for and on his own behalf, but as attorney at law and the agent of the proponents of the will of Clinton Gilbert, deceased; and (3) that the defendant complied with its agreement with plaintiff, and published the citation for a period of six successive weeks, commencing on January 4, 1892. We think none of these grounds was a sufficient defense to the action.

The plaintiff made a contract with the defendant, paid it the contract price, and in this matter the defendant dealt with the plaintiff alone, and no one else. The answer admits that it made the contract with him. It received his money, and made out its receipt for the advertising to the plaintiff. It knew of no one in the transaction except the plaintiff, and there was no allegation in the answer, nor was there any proof, that it knew that the plaintiff was acting as agent or attorney, or that any one at all was behind him. Besides, at that time no executor had been appointed for the estate, and the advertising was a part of the proceedings in order to the probate of the will. In so far, then, as the defendant was concerned, the plaintiff was the principal, or, at any rate, an agent with an undisclosed principal. The rule of law is well settled that where an agent, in his own name, without disclosing his principal, makes a contract, either the agent or the principal may sue upon it. Story, Ag. § 396; Ludwig v. Gillespie, 105 N. Y. 653, 11 N. E. Rep. 835; Considerant v. Brisbane, 22 N. Y. 389; Pitney v. Insurance Co., 65 N. Y. 6; Schaefer v. Henkel, 75 N. Y. 378; Knapp v. Simon, 96 N. Y. 284; Arosemena v. Hinckley, 43 N. Y. Super. Ct. 43; Bogart v. O'Regan, 1 E. D. Smith, 591; Davis v. Reynolds, 5 Hun, 651. Section 449 of the Code of Civil Procedure provides:

"Every action must be prosecuted in the name of the real party in interest. * * * A trustee of an express trust * * * may sue without joining with him the person for whose benefit the action is brought. A person with whom, or for whom, or in whose name. a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

The fact that the plaintiff was a lawyer has no bearing upon the determination of the question under consideration. In contracts made by attorneys, acting as such, they are capable of suing, and are liable to be sued, in the same manner as other agents or factors. Story, Eq. Jur. § 313; Howell v. Baker, 4 Johns. Ch. 118; Brock v. Barnes, 40 Barb. 521. In the latter case it was said:

"The relation existing between them [attorney and client] was one of confidence. If not that of attorney and client, it was that of principal and agent; and in either case the principles of law applicable to the case are the same."

The courts have in many instances supported this rule of law. An attorney is liable for sheriff's fees. Adams v. Hopkins, 5 Johns. 252; Ousterhout v. Day, 9 Johns. 114; Reilly v. Tullis, 10 Daly, 283. So, also, he is liable for referees' fees, (Dinkel v. Wehle, 11 Abb. N. C. 124;) and for fees of counsel engaged to conduct litigation; (Macniffe v.

Ludington, 13 Abb. N. C. 407;) also for printing legal notices in news-paper, (Publishing Co. v. Baker, [Com. Pl. N. Y.] 13 N. Y. Supp. 822.)  The underlying principle in all these cases where attorneys have been held is that their liability is based on the fact of the contract being made by them, and without the disclosure to or knowledge by the plaintiffs of the client's existence.   In the case at bar the plaintiff was not known to be acting for any one but himself.   He did not even disclose his profession of attorney, and the defendant treated with him on the basis of his own individual responsibility, and made out its bill and receipt to him as an individual, acting solely for himself.   If the executors of Gilbert, deceased, should sue, the defendant could set up a double defense—First, that it never knew or dealt with the executors; and, second, that, as matter of fact, there were no executors in existence at the time of the making of this contract, since the executors were ap-pointed long after the publication of the citation.   On the other hand, no justice or hardship can accrue to the defendant if the plaintiff suc-ceeds in this action, because a payment to an agent or attorney will bind his principal, and the defendant would be fully protected by a judgment in plaintiff's favor against any suit by the executors.   Lud-wig v. Gillespie, supra.

The failure of the defendant to publish the citation in the third week was a breach of its contract, and vitiated the entire publication and service.   The surrogate's order of publication directed that the service of the citation should be made by publishing the same once a week, for six successive weeks, and the defendant undertook and agreed with the plaintiff to publish the citation in this manner.   The answer ad-mits this, and the uncontradicted testimony shows it.   The rule for the publication of a citation is the same as that for the publication of a summons in an action.   Code Civil Proc. §§ 440, 2524; In re Koch's Will, (Surr.) 12 N. Y. Supp. 94.   Where it is sought to obtain juris-diction over nonresident parties by making service of a summons by publication, the requirements of the Code in respect thereto must be strictly complied with.   Kendall v. Washburn, 14 How. Pr. 380; Bunce v. Reed, 16 Barb. 347–350; Olcott v. Robinson, 20 Barb. 148.   The surrogate directed the citation to be published once a week for six suc-cessive weeks.   This has been held to mean a distinct publication in each of the six weeks succeeding the first.   Wood v. Knapp, 100 N. Y. 109, 2 N. E. Rep. 632; Market Nat. Bank v. Pacific Nat. Bank, 89 N. Y. 397.   In the latter case the court said: "It [the Code] does not provide for a publication six times within six weeks, but for a time not less than once a week for six successive weeks."   See, also, Steinle v. Bell, 12 Abb. Pr. (N. S.) 171; 2 Bouv. Law Dict. 347.   The publica-tion commencing on the 4th of January, 1892, even if made as claimed by the defendant, did not comply with the terms of the contract.   It is clear that such a publication could not have been completed before the return day of the citation, and therefore was of no legal effect.   We therefore think the court erred in dismissing the complaint, and that the judgment appealed from should be reversed, and a new trial or-dered, with costs to the appellant to abide the event.