(9 Misc. Rep. 154.)

### CABLE v. BONNELL.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

APPEAL—WEIGHT OF EVIDENCE—DECISION OF DISTRICT COURT.
   A judgment of a justice of a district court on conflicting evidence will not be disturbed on appeal.

Appeal from eighth district court.

Action by Sarah L. Cable against Roger V. Bonnell for rent. A judgment in favor of plaintiff was rendered by a justice without a jury, and defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

P. C. Talman, for appellant.
Douglass & Minton, for respondent.

BISCHOFF, J. The plaintiff sued for rent due under a written lease, and defendant set up a counterclaim of $250 "for work done under orders of the board of health." By the terms of the lease, defendant was to make "ordinary repairs" upon the premises. The landlord assumed the duty of complying with the orders of the municipal authorities with regard to the condition of the same. It appears that defendant has been dispossessed from the premises at the expiration of the two months for which rent was claimed. The justice gave judgment for the plaintiff, disallowing the counterclaim; and, upon the evidence, we find no ground for disturbing his determination. Defendant failed to establish the fact that the repairs which he testified to having made were required by order of the board of health, conflict of testimony appearing with regard to the single item of expense of $15 claimed by him to have been actually so incurred. Upon such conflict the justice's finding as to the fact is not, in this case, to be questioned. Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776. And in so far as the other evidence given by defendant, with regard to repairs to the roof, plumbing, etc., may be of concern, it formed no basis for a recovery, under the pleadings. The one exception relied upon by appellant does not call for a reversal, since the verbal agreement sought to be established by the evidence excluded, with reference to the meaning of the words "ordinary repairs," was, if to be regarded in any way as admissible, entirely immaterial to the issues presented for litigation.

The fact that appellant remained in possession of the premises until dispossessed disposes of the claim of eviction. There cannot be a constructive eviction without a surrender by the tenant. Boreel v. Lawton, 90 N. Y. 293. Judgment affirmed, with costs.