(10 Misc. Rep. 410.)

### VESTNER v. FINDLAY.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

ACTION BY ASSIGNEE—PROOF OF ASSIGNMENT.
   Where plaintiff sues individually on a cause of action originally belonging to another, the complaint will be dismissed where there is no evidence of an assignment of the cause of action to plaintiff.

Appeal from Eleventh district court.

Action by George J. Vestner against William C. Findlay. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

George B. Dunn, for appellant.
John J. Adams, for respondent.

GIEGERICH, J. This action was brought to recover the sum of $250 for money had and received. The answer was a general denial, and a counterclaim was interposed. The plaintiff, during the times above mentioned, was managing clerk in the office of John J. Adams, Esq., plaintiff's attorney in this action, and had not been admitted to practice. The defendant was an attorney and counselor at law, and had clients named Samuel and Joseph Pellertier, who then did business in this city, and against whose property a warrant of attachment had been issued and levied. According to the evidence adduced on the part of the plaintiff, said Adams, upon the defendant's retainer, appeared in the suit in which the attachment was issued, and rendered services therein, and also rendered other legal services. On the other hand, the defendant and said Samuel Pellertier and Joseph Pellertier testified that the plaintiff, not Adams, was retained in said suit on the supposition that he was admitted to practice, and that his compensation in this suit and other matters was dependent upon his procuring an extension of time from the creditors of said Pellertiers, which he failed to procure. Assuming that the justice was justified in crediting the plaintiff's version as to these disputed points, he clearly erred in deciding the issues in this case in favor of the plaintiff, in the absence of proof of the receipt by the defendant of any money

to the use of the plaintiff, or an assignment of Adams' claim to the plaintiff. Both plaintiff and his witness Regensberger testified that the defendant was given a mortgage for $1,500 by Pellertier Bros., of which $1,000 was to be paid to the defendant for services rendered by him, and $500 for services rendered by Adams, and that the arrangement with the latter was modified so that the defendant should pay $250. No evidence of any assignment of this right from Adams to the plaintiff was given, and the objection was properly presented by the motion to dismiss the complaint upon the ground that the plaintiff was not the real party in interest. The argument that the judgment may be sustained upon the ground that the plaintiff acted for Adams in the whole transaction, and consequently could, under section 449 of the Code of Civil Procedure, maintain this action as a trustee of an express trust, is unavailing, because the plaintiff does not sue as trustee, but individually. The plaintiff also argues that the paper writing dated April 13, 1894, given by the defendant to the plaintiff, is an account stated. Conceding, for argument's sake, this to be so, the plaintiff cannot recover thereon, as his cause of action as alleged is for money had and received, not upon an account stated. For these reasons the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.