(63 App. Div. 526.)

## CROUCH v. WAGNER et al.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. ACTION ON NOTE—DEFENSES—FRAUD.

An attorney employed to collect a judgment notified his clients that the debtor would only pay 30 per cent. of the amount thereof, and obtained notes for that amount from the debtor, which he forwarded to his clients, who accepted them. He obtained from the debtor notes, payable to him, for the balance of the debt, including payment for his services, on a statement to the debtor that the creditors would not settle for less, and retained such notes. *Held* that, in an action thereon, the debtor could not set up such fraud on the creditors as a defense, as the creditors were the only persons who could assert want of title in the attorney to the notes.

2. SAME—EXPRESS TRUSTS.

An attorney taking notes for his client is the trustee of an express trust, as used in Code Civ. Proc. § 449, declaring that a person with whom a contract is made for the benefit of another is the trustee of an express trust, and authorizing such trustee to bring an action on the contract in his own name.

3. SAME.

Where a note taken by an attorney in settlement of a claim due his client also includes the commissions due the attorney, he has such interest therein as will authorize suit thereon by himself or his assignee.

4. SAME—FRAUD.

A judgment debtor who executes notes to the attorney of the judgment creditor for the amount of the judgment cannot defeat his liability in a suit on the notes by the attorney on the ground that the latter has perpetrated fraud on the creditors by representing that the settlement with the debtor was for a less sum.

Appeal from Monroe county court.

Action on a note by Harry H. Crouch against J. George Wagner, Jr., and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

William W. Armstrong, for appellant.
Richard L. Saunders, for respondents.

WILLIAMS, J. The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event. The appeal was brought on for hearing upon the pleadings, decision, and judgment,—no case being made,—so that the question is whether, upon the facts found by the court, the dismissal of the complaint was proper. The action was brought to recover upon a promissory note made by the defendant Wagner, and indorsed by his wife, also

a defendant, for $670. The note was delivered to the defendant Albee, and by him transferred to the plaintiff. The Wagners, only, defended, and their defense was that Albee procured the note from them by means of false and fraudulent representations that he was acting as attorney for various parties who held judgments against Wagner, and that the note was for the use and benefit of such judgment creditors; that these representations were false, and were known by Albee to be false, and were made with intent to deceive and defraud the defendants, and defendants relied upon them and believed them to be true, and gave the note, and received no consideration therefor. The facts found by the court were briefly as follows: There were four judgments against Wagner, aggregating about $800. Albee was a collection agent, and was employed by these judgment creditors to undertake to collect these judgments, under the agreement that he should be paid nothing by the creditors for services or expenses unless he succeeded in making collection, in which event he was to be paid out of the proceeds collected 10 per cent. by one creditor, 20 per cent. by two others, and as to the fourth no per cent. was agreed on. Albee undertook the collection of the judgments, instituted supplemental proceedings, was appointed receiver therein, and incurred costs amounting to $78 in these proceedings. He subsequently reported to the creditors that he could get only 30 per cent. on the judgments, and to the Wagners that the creditors insisted upon full payment of the judgments, and would receive nothing less. The judgment creditors were finally induced by Albee to accept notes made by Wagner and indorsed by his wife for about 30 per cent. of their respective judgments, aggregating about $240, and on receipt of the notes the judgment creditors executed and delivered to Albee satisfactions of their judgments. Albee represented to the creditors that he had agreed with Wagner for the payment for his services, in addition to giving the notes to the creditors. These notes were subsequently paid, and the satisfactions were delivered to Wagner and filed in the clerk's office, so that the judgments were discharged of record. Albee at the time he took the four notes for the creditors also took from the Wagners three other notes,—one for $61, to cover in part the expenses of supplementary proceedings and other legal expenses incurred in the collection, and that was paid at maturity; a second one for $300; and a third one (the note in suit) for $670. This last note contained this provision:

"If all prior notes and this note is paid on or before Nov. 19, 1898 (one year from date), a discount amounting to $344 shall be allowed. If not paid on or before Nov. 19, 1898, and is paid at maturity (two years from date), there shall be allowed a discount of $294, but not otherwise."

These last two notes were procured by Albee's representation, and their supposition, that Albee was receiving the notes as the agent and representative of the judgment creditors, and that they were to be held by him for the benefit of said creditors, and were to be paid to the creditors in consideration of the satisfaction of such judgments. Albee did not disclose to Wagner the fact that he had adjusted the judgments with the creditors on a 30 per cent.

basis, and Wagner knew nothing about that until a year after the last two notes were given. Albee did not disclose to the creditors the fact that he had taken these last two notes, and they received their notes and satisfied the judgments in ignorance of the fact that he had taken and held these notes. About the time the notes were given, Wagner agreed to furnish Albee, on account of his services in effecting the settlement, a first-class chainless bicycle, and subsequently he delivered to Albee two bicycles in place of the chainless one. The plaintiff was not a bona fide holder of the note, for value, and had no better right to recover on the note than Albee had. It does not appear from the decision itself for what particular reason the county judge dismissed the complaint, but it does appear from the opinion written by him that the dismissal was solely upon the ground that Albee had no title to the note, and no right to recover thereon, the note belonging to the creditors. This proposition cannot be sustained. These notes were taken as the property of Albee, or they were taken by him for the benefit of the creditors. Albee certainly claimed them as his, and as to every person other than the creditors the notes were his. The creditors might have made claim to them, or might have permitted Albee to keep them, as he certainly intended to do, as his own property. No one else could assert want of title in Albee as to the notes. But, assuming that Albee took the notes for the benefit of the creditors, then he might sue them in his own name, under section 449, Code Civ. Proc. He was trustee of an express trust, under the language of that section, and as such was authorized to prosecute an action thereon. Albee, however, had an interest in the notes. His services, his commissions, were in the notes, and to some extent he was the owner of them; and his interest he transferred to the plaintiff, who was entitled to prosecute the action. The decision cannot be sustained on the ground of fraud. The judgment debtor owed the whole amount of the judgments. He suffered no damage in being required to pay the full amount thereof. The judgments, with interest and costs of supplementary proceedings, amount to $1,170. The notes, all together, were for $1,270. Very likely, there was a mistake of $100 in the computation, and that the intention was to take notes for just the amount of the judgments, interest, and costs. There was, very likely, a failure of consideration as to the $100 in the notes; but fraud is not found as to such sum, and the only effect that can be given to that error is the reducing by so much the amount to be recovered on the note, and then by paying the note in suit in one year $344 could be saved, or by paying in two years, when the note matured, $294 could be saved from the full amount of the judgments, interest, and costs.

The judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.