### OLANSKY et al. v. BERLIN et al.

(Supreme Court, Appellate Term. March, 1902.)

1. BILLS AND NOTES—RELATION OF PARTIES—EVIDENCE—SUFFICIENCY.

In an action on notes between the original parties, who were indebted to plaintiff when the notes were given to secure an extension of time of payment, a finding that a defendant, whose name was on the back of the note, signed as maker, and not as indorser, will not be disturbed, there being evidence to sustain it.

2. SAME—RELEASE.

In an action on a note, a defense that codefendants assumed payment and released defendant cannot be sustained without proof of plaintiff's connection therewith.

3. SAME—STRIKING OUT EVIDENCE—REVERSIBLE ERROR.

The denial of a motion to strike out parol evidence, in an action on notes, that all the notes were to become payable if one became due and remained unpaid, because the agreement was in writing, is not reversible error, where defendant did not move to strike out the evidence, nor call for the written agreement, until after plaintiff had completed his case and defendant's motion for dismissal for insufficiency of the complaint and the proof to support it was denied.

Appeal from city court of New York, general term.

Action by Hyman Olansky and another against Zax K. Berlin, impleaded, etc. From a judgment and order of general term affirming a judgment in favor of plaintiffs, and affirming an order denying defendant Zax K. Berlin's motion for a new trial, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Leon A. Malkiel, for appellant.
Herman Herst, Jr., for respondents.

FREEDMAN, P. J. The complaint starts with an allegation of prior indebtedness, and then alleges that the defendants, to secure the payment of their original indebtedness and in consideration of the credit thereby secured, delivered to the plaintiffs their promissory notes, copies of which are annexed and made part thereof. The notes annexed show that each of them was signed by the defendant Heilpern on the face and by the defendants Cohen and Berlin on the back. The complaint further alleges that at the time of the delivery of the notes the defendants agreed with the plaintiffs that, in case any of the notes was not paid at maturity, the rest should, at the option of the plaintiffs, become due and payable; that two of the notes were due and unpaid; and that plaintiffs elect to declare all the notes due and payable.

The defendant Berlin, after denying some of the allegations of the complaint, defended upon the grounds: (1) That he had signed solely as an indorser and had not received notice of nonpayment; and (2) that the defendants Heilpern and Cohen, with the consent of the plaintiffs, assumed the payment of said notes and released Berlin from any liability thereon. The complaint sufficiently states a cause of action. At the trial the question was litigated whether Berlin deliberately signed as maker on the back of the notes because there was no room for his signature on the face, or as indorser, and that issue was determined by the jury in favor of the plaintiffs. There is sufficient evidence to sustain the verdict on that point, and as the controversy is between the original parties, who concededly were indebted to the plaintiffs when the notes were given to secure an extension of the time of payment, the finding of the jury on that question of fact should not be disturbed. The negotiable instrument law does not control in such a case.

As to the release of Berlin there was no proof connecting the plaintiffs with it, and hence defendants' Exhibit 7 for identification was properly excluded.

The denial of defendant's motion to strike out all parol evidence of the alleged agreement between plaintiffs and defendants to the effect that, if one note became due and remained unpaid, all the others should become payable at once, does not constitute reversible error. True, Davis Parken, one of the plaintiffs, had given parol evidence upon this point, and the plaintiffs then called the defendant Cohen as a witness on their behalf, and in the course of his examination it appeared that a written agreement upon that point had been signed by the parties; but the defendant did not then and there move to strike out the prior parol evidence, nor call for the production of the written agreement. He allowed the plaintiffs to complete their case, and then moved for a dismissal of the complaint on the ground of its insufficiency and the insufficiency of proof given in support thereof, and after this motion had been denied he for the first time moved to strike out the said parol evidence. At that stage of the case the denial of the motion rested in the discretion of the trial judge, and after such denial the defendant's remedy was to ask for instructions to the jury to disregard it. The defense then gave evidence without producing or calling for the written agreement, and, after the plaintiffs had given evidence in rebuttal, the defendant renewed his motion to dismiss on all the grounds previously urged, which was denied, and the issues were then submitted to the jury without any request on the part of the defendant that the jury be instructed to disregard the parol evidence. Under the circumstances as stated, the refusal of the trial judge to strike out the parol evidence referred to constitutes no ground for a new trial. Platner v. Platner, 78 N. Y. 101, cited with approval in Pontius v. People, 82 N. Y. 347, and followed in Hutton v. Murphy, 9 Misc. Rep. 154, 29 N. Y. Supp. 70, and in Parker v. Paine (decided at the present term of this court) 76 N. Y. Supp. 942. The record discloses no reason for disturbing the judgment appealed from.

Judgment affirmed, with costs. All concur.