Benjamin Brenner, J.
Plaintiff moves to strike paragraph “ Second ” of the defendant’s answer in a negligence suit insofar as it denies certain allegations of the complaint and for summary judgment and the assessment of damages by the court and jury, pursuant to rule 113 of the Rules of Civil Practice.
The action is brought to recover damages for personal injuries sustained when plaintiff was struck by an automobile owned and operated by the defendant. At the time of the occurrence, defendant was arrested on charges of driving while intoxicated, reckless driving and driving without a light. The defendant admits pleading guilty to all these charges in the Magistrate’s Court and in the Court of Special Sessions, but in his answer here he denies the allegations of intoxication, reckless driving and driving without a light as set out in paragraphs Sixth, Seventh and Eighth of the complaint. Plaintiff now moves to strike such denials as sham since the defendant pleaded guilty to those very charges.
The defendant urges that the guilty pleas in the criminal courts do not foreclose his right in a civil suit to establish innocence and that even if they constitute admissions he should be afforded an opportunity to explain the circumstances under which they were made at the time of trial. He claims the circumstances of the guilty pleas to be as follows: (1) That he wanted to reduce the lawyer’s fees, which would be excessive if he stood trials; (2) that he was advised by his lawyer that if he pleaded guilty the court would be more lenient than if he was found guilty after trial; (3) he was informed that in making a plea of guilty a charge of assault would be dropped.
The defendant’s pleas of guilty constitute confessions and formal judicial admissions and are conclusive of the facts admitted in the action in which they are made. (Coffin v. President of Grand Rapids Hydraulic Co., 136 N. Y. 655; People v. Steinmetz, 240 N. Y. 411; People v. Bretagna, 298 N. Y. 323.) And the authorities appear to be agreed that confessions (pleas of guilty) which have been made voluntarily constitute the high *33 est and most satisfactory species of evidence on the theory that no innocent man in full possession of his faculties can be supposed ordinarily to be willing to risk his liberty or property voluntarily by a false confession. (People v. Joyce, 233 N. Y. 61; People v. Bennett, 37 N. Y. 117.)
In the light of this view of the conclusiveness of a judicial admission in a criminal court where guilt must be proved beyond reasonable doubt, the defendant’s desire to explain his pleas in a civil court, where evidence of negligence need but preponderate, would seem quite futile. Such explanation, if received in evidence under the denials sought to be pleaded, could not possibly overcome the effect of the judicial admission because it would constitute an offer of proof which is so palpably unbelievable as to be indicative of bad faith. The denials are therefore frivolous and must be stricken.
The motion for summary judgment must however be denied in view of the serious question of plaintiff’s contributory negligence which cannot be decided as a matter of law on the affidavits and exhibits submitted. The defendant’s affidavit concerning plaintiff’s contributory negligence states: “I noticed plaintiff emerge from the front of his car when I was approximately 10 feet away.” The plaintiff’s affidavit states “ while I was standing outside of my motor vehicle on Riverside Drive, City of New York, I was struck by a motor vehicle owned and operated by the' defendant.” These statements put plaintiff’s exercise of care squarely at issue, especially in view of the fact that in the course of the hearings in the Court of Special Sessions and the Magistrate’s Court the plaintiff’s own conduct was never elicited. The motion to strike is granted and the motion for summary judgment is denied.
Settle order on notice.