Maurice Wahl, J.
Plaintiff moves for summary judgment in this action to recover damages sustained by him in a motor vehicle accident, on November 11, 1966, about 11:45 p.m., on Route 46, Mount Olive Township, Morris County, New Jersey.
Defendant’s car, traveling at a greater speed on a downward curve, overtook plaintiff’s vehicle traveling in the left lane, struck it in the rear, and then came into forceful contact with a fence above a reservoir, and bounced into the right lane where it overturned. Defendant admitted that he had been driving since 6:00 p.m., and was dizzy and sleepy.
At the Municipal Court, Township of Mount Olive, Morris County, New Jersey, on November 30, 1966, defendant pleaded guilty to a charge of reckless driving.
As a condition for a denial of a plaintiff’s motion for summary judgment, the opposing party must show facts sufficient to require a trial of any issue of fact other than the amount or extent of the damages (CPLR 3212, subd. [b]). The motion shall be granted if, upon all the papers and proof submitted, the cause of action shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of the plaintiff (CPLR 3212, subd. [b]).
The proof of the facts submitted by plaintiff shows that (a) the accident was caused by defendant’s negligence, (b) plaintiff was not contributorily negligent, and (c) plaintiff’s personal injuries and property damages were the proximate result of defendant’s negligence.
Defendant submitted no opposition proof except the affidavit of his attorney, who does not claim that he was a witness to the accident, in which he argues that the motion ‘ ‘ may be of merit ” but is premature because “ plaintiff has failed to exercise his right to take the deposition of the defendant by way of interrogatories or examination before trial.” Any party may move for summary judgment after issue has been joined (CPLR 3212, subd. [a]) whether or not depositions were taken or examinations before trial were had.
An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disre *448 garded (Di Sabato v. Soffes, 9 A D 2d 297). Summary judgment is the procedural equivalent of a trial (Falle v. Goodman, 7 N Y 2d 87, 91) at which testimony by an attorney who did not witness the accident would be barred by the hearsay rule. These principles have been repeatedly enunciated by the courts and it is difficult to understand why some attorneys continue to submit their own hearsay affidavit on a motion for .summary judgment instead of proof by an eyewitness client or other person.
The former rule that, while a plea of guilty to a felony or misdemeanor is admissible in evidence, in a subsequent civil action, a plea of guilty to a traffic offense was inadmissible, is no longer the rule. Today, even a plea of guilty to a traffic offense may be introduced as evidence of a defendant’s carelessness in a civil action for damages. (Ando v. Woodberry, 8 N Y 2d 165.)
A fact formally admitted in open court, as by a plea of guilty in a criminal case, is a formal judicial admission (People v. Steinmets, 240 N. Y. 411). It is conclusive of the facts admitted in the action in which they are made (Coffin v. President etc. of Grand Rapids Hydraulic Co., 136 N. Y. 655). Proof of a conviction is prima facie evidence of the facts involved, that is, not merely proof of the conviction, but presumptive proof of the commission of the crime (Schindler v. Royal Ins. Co., 258 N. Y. 310).
Upon all the papers and the proof submitted, the cause of action has been established sufficiently to warrant the court as a matter of law to direct judgment in favor of plaintiff (CPLR 3212, subd. [b]). Accordingly, summary judgment is directed in favor of plaintiff against defendant. The order to be settled and entered hereon shall provide for assessment of the damages at Trial Term, Part 1, of this court on a date to be provided in said order.
(For decisions and discussion of this subject, see Summary Judgment, by D. George Paston.)