John W. iSweeny, J.
Plaintiff Utica Mutual Insurance Company moves for summary judgment seeking to have itself declared not obligated under its liability insurance policy issued to defendant Cherry herein.
On April 26,1967 defendant Cherry while operating a pick-up truck struck and killed Charles J. Bice.
As a result of this incident Cherry was subsequently indicted and later found guilty by a jury of the crime of manslaughter in the first degree.
A civil action was then instituted by the estate of the deceased Bice, against Cherry for wrongful death.
*515 The insurance company which carried the policy on defendant Cherry’s truck disclaims on several grounds, the most important being that its policy covers only accidental occurrences and since the act of Cherry was intentional, it does not come within the purview of coverage.
Plaintiff seeks to set up the criminal conviction as an unrebuttable presumption of this contention.
The court in Di Bone v. Gambucci (54 Misc 2d 446, 448) held that: “ A fact formally admitted in open court, as by a plea of guilty in a criminal case, is a formal judicial admission (People v. Steinmetz, 240 N. Y. 411). It is conclusive of the facts admitted in the action in which they are made (Coffin v. President etc., of Grand Rapids Hydraulic Co., 136 N. Y. 655). Proof of a conviction is prima facie evidence of the facts involved, that is, not merely proof of the conviction, but presumptive proof of the commission of the crime (Schindler v. Royal Ins. Co., 258 N. Y. 310).”
Such being the case defendant’s conviction of manslaughter in the first degree is prima facie proof of a willful act obviating the concept of accident as embodied in plaintiff’s insurance policy.
Accordingly, since an accident cannot be proven, plaintiff’s obligation to indemnify defendant can never reach fruition and the motion must be granted.